No. 6736.

NEW ORLEANS INSURANCE ASSOCIATION VS. MRS. MARY E. HARPER, SUR-
VIVING WIDOW, ETC., AND E. WAGGAMAN, CIVIL SHERIFF.

A suit brought against a sheriff in office and his predecessor, *in solido*, for the value of prop-
erty alleged to have been seized by the former and lost whilst in charge of the latter, is
an illegal joinder of parties. Either one or the other of the two officers is liable because
the property was lost whilst in his official possession ; both of them cannot be responsible
for that same reason.

APPEAL from the Fifth District Court, parish of Orleans. *Rogers, J.*

W. S. Benedict and Singleton & Browne for Plaintiff and Appellee.

Ellis & Ellis for Defendant and Appellant.

First—There is no privity of interest, *quoad* seized property, between a
sheriff and his successor in office, and the plaintiff's allegation of
liability for the loss of such property by neglect, against the *former*
sheriff, is inconsistent with a similar charge *quoad* the same prop-
erty against the *latter*.

Second—In such case the official acts of the two successive sheriffs,
*quoad* the *same property* sued for, are wholly distinct, and plaintiff
cannot sue both sheriffs, *in solido*, as co-defendants in the same
suit. 12 A. 74, Mayor vs. Amant ; 14 A. 181.

Third—Where suit is brought for money, the value of seized property
lost by a sheriff, and not for the return of the property, plaintiff
must allege and prove that defendant was put *in mora*. 16 A. 389 ;
30 A. 264-266 ; 27 A. 176 ; R. C. C. 1934.

The opinion of the Court was delivered by

TODD, J. This action was instituted in October, 1875, against the
legal representative of William P. Harper, deceased, ex-civil sheriff of
the Parish of Orleans, and Eugene Waggaman, the then Civil Sheriff,
and successor of the said Harper. The allegations of the petition were
substantially as follows :

That under a writ of *fieri facias* issued in the case of D. & J. D.
Edwards vs. Fairbanks & Gilman, the said Harper, sheriff, seized a
large quantity of machinery appertaining to a sugar refinery in a build-
ing situated on the corner of Erato and New Levee streets, in the city
of New Orleans.

That upon the expiration of the term of office of said Harper, the
seizure still continued in force when his successor, Waggaman, was
inducted into office, who took possession and remained in charge of the
property seized till the 30th of July, 1875, when the seizure was
released.

75

1166        SUPREME COURT OF LOUISIANA,

New Orleans Insurance Association vs. Harper and Waggaman.

That upon the release of the seizure certain articles embraced in a schedule filed with the petition and valued at $4094, which were in the building when the seizure was made, were found missing. And it was charged that these articles "were negligently lost or disposed of illegally while in the care and keeping of said W. P. Harper *and* the said Eugene Waggaman." That this property so lost or disposed of belonged to the petitioner.

Judgment was prayed for against the succession of Harper and Waggaman, *in solido*, for the value of the property as stated.

The executrix of the estate of Harper answered, denying any technicalities on the part of Harper's succession, and alleging that all the property seized had been turned over to his successor, Waggaman.

Waggaman filed an exception to the action, which was overruled. He then answered, denying any liability on his part, for the reason that he had delivered to the plaintiff, when the seizure was released, everything he had received from Sheriff Harper.

The case was tried on these issues. There was judgment in favor of the succession of Harper, rejecting plaintiff's demand, but against Waggaman for $980 50. From this judgment Waggaman alone has appealed.

The conclusion we have come to with respect to the pleadings in this case, dispenses with any examination of the merits.

The exception referred to, presented by Waggaman in the lower Court, contained among others, the following grounds, which we quote literally:

"He further excepts that plaintiffs allege and show no privity of interest between the estate of W. P. Harper, deceased, and this exceptor, as civil sheriff or otherwise, and that the non-liability of said W. P. Harper must be shown by plaintiffs before they can sue this exceptor, the liability of said W. P. Harper as predecessor in office of exceptor being inconsistent with his liability as the present and acting sheriff."

"He further excepts that the alleged causes of action against exceptor and said estate arise from different alleged acts, and there being no privity of interest, as above stated, the joinder of separate defendants in said distinct causes of action in one suit is not legal."

The petition charges that Harper and Waggaman were liable to the plaintiff *in solido* for $4094; that is, Harper's estate is bound for this sum, and Waggaman is also bound for the same amount. How could Harper have become bound for this amount? Only because that during the time this property was in his keeping as sheriff, from the 29th of November, 1873, to the 26th of November, 1874, it was lost by his neglect or illegally disposed of by him. If this were true, Harper, and Harper alone, would be liable to plaintiff.

Why or how could Waggaman owe the amount to the plaintiff? Only for the reason that he suffered the articles to be lost or illegally disposed of them during the time they were in his charge, from the 26th of November, 1874, to the 31st of July, 1875, and in that case he alone ought to pay for them.

If, however, they were lost by Harper's neglect or act during his charge of them, and he was liable for them, the loss could not have occurred during Waggaman's control of them and he also be chargeable with them, and *vice versa*. In other words, the demand against Harper excludes and precludes the demand against Waggaman, and the demand against Waggaman bars the demand against Harper. The respective demands are utterly inconsistent with and exclusive of each other.

The defendants cannot be liable *in solido*, for they must each have participated equally in the emission or act that caused the loss. This was impossible, for during the time that Harper was under responsibility growing out of his charge of the property as sheriff, Waggaman did not, and could not, share that responsibility, for he was but a private individual, having no connection whatever with the matter. And during the time that Waggaman was chargeable with the property, Harper's responsibility could not continue or exist, because with the commencement of Waggaman's responsibility, his (Harper's) had ceased.

They could not have been jointly bound, for they could not be charged with any joint acts of omission or commission, since their terms of responsibility were different and their acts separate and at separate times. It was impossible that both could have been liable in any manner for the debt claimed. And it is equally true that if one was liable the other could not be.

Nor was there any distinct and certain liability charged against either one of the defendants. It was uncertain under the allegations which one, if either, was liable for the debt, and that uncertainty was left for the evidence to dispel on the trial.

There was no privity between the defendants. So far from such privity or anything like a common interest existing, there was an antagonism between the parties, a conflict of interests, as illustrated by their respective answers, under which each one sought to escape liability to himself by throwing it on the other, and ready to form an alliance with the plaintiff for this purpose.

We are of opinion that this action, for the reasons stated, violates the well established principles of pleading and rules of practice, settled by an unbroken line of precedents, which forbid the joinder of two or more parties as defendants in the same suit in causes of action essentially distinct and separate. The exception, therefore, filed by

Waggaman should have been sustained. 12 A. 74; 14 A. 181; 15 A. 10; 24 A. 614. The plaintiff and the estate of Harper being appellees, the judgment as between them cannot be disturbed; besides, it is admitted by plaintiff's counsel that the judgment in favor of this defendant was a proper one.

It is, therefore, ordered, adjudged and decreed that the judgment of the lower court against Eugene Waggaman, late Civil Sheriff of the Parish of Orleans, be annulled, avoided and reversed; and it is now ordered, adjudged and decreed that the exception filed by said defendant in the court *a qua* be, and the same is hereby, sustained, and the suit dismissed—plaintiff to pay costs of both courts.

Rehearing refused.