44   253
47  1371
47  1547;
44   253
117   534

## No. 10,942.

### Leon Godchaux vs. Emile Bauman.

Sections 2156 and 2163 of the Revised Statutes, so far as they apply to the fixing of causes in this court, together with all other statutes on the same subject matter, were repealed by Act No. 70 of 1884; but considering that suits to recover possession of leased premises are entitled to speedy trial, in the exercise of the discretion vested in this court, the order to fix by preference after three days' notice is granted.

The proceedings to eject a tenant are summary. At the expiration of the lease the statute provides fifteen days' notice to the tenant to remove.

Upon his failure to comply, suit may be brought and the defendant notified by citation to appear and defend after three days.

The jurisdiction must be tested by the pecuniary amount in dispute, as shown by the pleadings, and as appearing from the nature of the action.

It may be shown on the trial (if admissible by the nature of the action) that the amount involved is within the court's jurisdiction.

Plaintiff had the right to ejectment proceedings against the tenants of his property after fifteen days' notice upon the expiration of the lease.

No plea of tacit renewal for another month having been presented the lease will not be presumed to have been continued or tacitly renewed (reconducted).

APPEAL from the Civil District Court for the Parish of Orleans. *Ellis, J.*

*Buck, Dinkelspiel & Hart* and *F. J. Dreyfous* for Plaintiff and Appellee.

*F. Michinard* for Defendant and Appellant.

### ON APPLICATION TO FIX CAUSE.

The opinion of the court was delivered by

FENNER, J. This is a suit by a landlord to recover possession of leased premises, and an application is made to fix the same by preference after three days' notice under the provisions of Sections 2156 and 2163 of the Revised Statutes.

These sections of the Revised Statutes, together with all the other statutes regulating the order of trial of appeals in this court, were repealed, so far as they apply to appeals in this court, by Act No. 70 ot 1884, which vests this court with full authority "to regulate the trial of causes before it, and to change existing rules, as, in their opinion, may be deemed advisable for a better administration of justice," which repeals " all laws on this subject matter and all laws in conflict herewith."

In the exercise, however, of the discretion thus vested in us, we consider the policy of the law and the better administration of justice require a speedy trial of causes such as this, and, on that ground, the order prayed for is granted.

### ON THE MERITS.

BREAUX, J. The plaintiff claims from the defendant possession of the premises No. 91 Canal street.

He bought the property on the 25th of June, 1891, and alleges that at the time the defendant claimed to be a lessee of the property under verbal lease from plaintiff's author. He alleged a second

lease, which expired on the 8th of October, 1891, and that he gave notice to the defendant lessee to remove from the leased premises within fifteen days.

The time having elapsed, suit was brought, and the defendant was cited to answer the petition within three days in compliance with the judge's order.

The defendant filed an exception to the order of the court requiring him to answer within three days, and fixing the same for trial on the 2d of November, 1891.

He also excepted to the jurisdiction of the court; alleged that the petition disclosed no cause of action, and is vague.

The court, under the authority of State ex rel. Matt vs. Judge, 37 An. 843, ruled that all the defences relied on, whether exceptions or merits, must be pleaded at one time, but gave to defendant's counsel opportunity to file further defences in addition to the exception filed.

None other was offered.

Judgment was rendered for plaintiff, condemning defendant to deliver possession of the premises.

Ejectment proceedings to eject a lessee are summary.

The statute provides that on the termination of the lease, to repossess his estate, the lessor shall give his tenant notice to remove and allow him all the time granted by law for such removal. If the tenant shall refuse to comply, after the expiration of the delay, the lessor may cite him, whenever the monthly rent exceeds the sum of $100, to appear before the District Court in order to be there condemned to deliver possession of the leased premises.

On proof of these facts, the court may give judgment ordering the delivery of possession.

The case is always to be tried by preference, when applied for.

An appeal does not suspend execution, unless the defendant has filed a special defence supported by his oath.

"The statute specifically requires that these proceedings of a landlord against a tenant be summary." State ex rel. Matt vs. Judge, 37 An. 844.

The Article 756 C. P. gives to the court a discretion in relation to the trial of summary cases, with which the appellate court will not interfere. Police Jury vs. Manning, Tutor, 15 An. 182.

The ejectment of a tenant must be tried summarily. Peraut vs. Heartt, 22 An. 293.

The court had the authority, in compliance with its rule relating to the trial of summary cases, to require the defendant to file all his pleas with his answer.

*With reference to the citation to answer within three days:* The proceedings being summary, the statute limiting the notice to three days applies to the citation, *i. e.*, to the notice by citation, and excludes these summary cases from the delay applying to the ordinary action by petition and citation.

If the time be not limited to three days to answer, cases made summary would be subject to greater delays than ordinary cases.

There was no necessity of a statute to secure a speedy trial of summary cases. If the "notice" of the statute did not refer to the citation and applies to the setting of the case, it was purposeless and did not secure any right.

" We are bound to presume that the law is useful and to construe it with reference to some use." Domat.

*Relative to the court's jurisdiction:* The monthly or yearly rental is the test of the court's jurisdiction.

The lease expired September 30, 1891.

The rental was $4000 per annum.

The defendant contends that, as it was not the value of the property but the annual or monthly rent which gives jurisdiction, and as the petition does not allege the amount of the rent, the court was without jurisdiction.

Plaintiff declared in a lease, the amount of which shows the court had jurisdiction.

If the jurisdictional was not sufficiently expressed in the petition, it has been made ample by the act of lease offered to meet the plea to the jurisdiction.

*On the exception of no cause of action:* Plaintiff in his petition alleges that he bought the property at the time under lease; that the lease having expired, notice to vacate had been given to the tenant; the notice and the return are annexed to the petition.

The purchaser became subrogated to the rights of the vendor under the lease. C. C. 2733, 8 N. S. 563.

The demands for relief are consistent and conformable to the nature of the remedy.

He had the legal right to ejectment proceedings against the tenant of his property at the expiration of the lease, after fifteen days' notice.

The defendant contends in argument that more than one week having elapsed (the lease expired September 30, 1891, and notice to vacate was served on the 8th of October following) the lease was tacitly renewed (reconducted) for another month.

Suit to eject the defendant was brought October 26, 1891.

The defendant, in his pleadings, has not claimed any rights of renewal.

Whatever rights he may have had under Act 2689, relative to the presumption of renewal of the lease, are enforceable in accordance with plea covering them.

Art. 36 of 1888, in amending Section 2155 of the Revised Statutes, as to notice, necessarily amended the Civil Code on the subject, i. e., 2686.

Upon the expiration of the lease, the notice may be given and need not precede its period of duration by fifteen days.

*The last in the order of the pleas as presented is that of vagueness:* Full notice was given to the defendant of the grounds of the action. There is a definite issue presented. The defendant could not be taken unawares by the evidence admissible under the pleadings, as the petition was explicit in substantial particulars.

The lease was alleged and admitted in evidence, under the allegations. The object of the demand, the nature of the title and the cause of action were stated. There can be no just reasons for maintaining that plaintiff's action is vague.

Judgment affirmed at appellant's cost.