### No. 8719.
### Orleans Appeal.

---

### RALSTON S. COLE v. GORDON ZEIGLER, Appellant.

(November 3, 1924, Opinion and Decree.)

---

*(Syllabus by the Court.)*

1. **Louisiana Digest, Pleading, Par. 23.**
A defendant's exception of "vagueness", filed to a suit on a verbal contract of sale, upon the ground that the allegations of the petition are so insufficient as to prevent the defendant from answering safely concerning the place where and the conditions under which the verbal agreement was made, is properly overruled by the trial court. A plaintiff is only required to allege that which will support his cause of action. He is not compelled to allege that which the defendant believes is necessary for the defendant's rejoinder.
(Code of Practice, Art. 172, Par. 4—Editor's Note.)

2. **Louisiana Digest, Pleading, Par. 115.**
In a suit against the vendor for the return of the price of the goods sold by him, but which he refuses or fails to deliver after being put in default, an answer only by way of general denial bars any proof duly objected to, regarding set-off or counter claim against one shown only on the trial to have been an agent of the vendee.

3. **Louisiana Digest, Appeal, Par. 626.**
A judgment based solely upon the credibility of parties and witnesses to a

verbal contract, must be given great weight by an appellate court, and will not be disturbed unless clearly erroneous.

Appeal from Civil District Court for the Parish of Orleans, Division "E", Hon. Wynne G. Rogers, Judge.

This is a suit to recover purchase price where delivery was not made. Judgment for plaintiff. Defendant appealed.

Judgment affirmed.

Spencer, Fenner, Gidiere & Phelps, attorneys for plaintiff and appellee.

T. S. Walmsley, attorney for defendant and appellant.

BELL, J. We find from an examination of this case that the facts are substantially true as stated in the plaintiff's petition, of which Articles 2 and 3 read as follows:

"That on or about December 16, 1919, petitioner and the defendant, Gordon Zeigler, entered into a verbal agreement, whereby the said Gordon Zeigler agreed to sell and deliver the petitioner one barrel of Old Taylor whiskey, for the price of Nine Hundred Dollars ($900.00), which price was paid by petitioner to the said Zeigler on the same day; that said whiskey was never delivered by said Zeigler, nor any further steps taken towards consummating the transaction, but that, on the contrary, petitioner shortly thereafter repudiated and disaffirmed same and made demand upon said Gordon Zeigler to return the money paid him, but that said Zeigler refused and continues to refuse to do so, despite the fact that he has received same without giving consideration therefor."

The petition, which avers that both parties litigant are residents of New Orleans, contains the prayer that a judgment be rendered against defendant for the sum of $900.00, with legal interest from January 1, 1920, until paid. Such a judgment was obtained by plaintiff and the defendant has appealed.

An exception of vagueness was filed by defendant to this suit on the grounds that the petition was so insufficient in its aver-ments as to prevent defendant from safely answering where the defendant entered into said agreement, or what were the conditions of said verbal agreement. This exception was properly overruled by the trial court. It is not required, under rules of practice, that the petition, as the basis of the suit, should do other than contain allegations necessary to support a cause of action. The plaintiff is not required to allege any fact which the defendant may deem necessary in formulating his rejoinder.

The answer to this suit is but a general denial.

This case involves only a determination of issues of veracity between the parties to the suit and witnesses to the verbal contract upon which the suit is predicated. We are inclined to believe, as did the judge of the trial court, that the plaintiff and his witness, Irby, have truthfully testified to the real facts of this case.

The defendant's story is that he never agreed to sell the whiskey in question to the plaintiff, but the evidence shows that on December 16, 1919, in the presence of Mr. Robert Irby, Jr., the defendant did agree to sell one barrel of Old Taylor whiskey, for the sum of $900.00, cash, to plaintiff, and that at the time he distinctly told plaintiff that the whiskey was in his warehouse, and that it would be delivered to plaintiff that night.

We find from the evidence that there was an absolute offer made by plaintiff to defendant for the purchase of the whiskey and that defendant positively accepted this offer, but refused to receive the price in anything but cash, and then, only from Irby, who had presented plaintiff to defendant as the real purchaser.

We also find that the defendant accepted, first from plaintiff and again afterwards from Irby, written directions as to the place for the delivery of the whiskey, to-wit: 462 Lowerline Street, the plaintiff's specific address, not Irby's address, though

Irby had lived nearby on the same street. Defendant admits that he received these written directions, though he swears that he did not read what was on the cards or slips of paper given him. The fact that he took or received any written directions concerning the place of delivery is strongly conclusive, to our minds, of his intention to sell and deliver the whiskey to plaintiff, for the reason that he admits to have already known Irby's address, having visited him at his residence on Lowerline Street some months previously. To have taken, therefore, written directions from either plaintiff or Irby would have been a useless and purposeless thing to do, had he intended to sell and deliver to Irby, as he said he did.

But there are two other statements of defendant which prevent our giving any credibility to his testimony. He brazenly admits that, while he went through all the preliminaries leading up to this alleged sale—whether to plaintiff or to Irby—that he never at any time intended to sell the barrel of whiskey, then in his warehouse, to Irby, although he received from Irby $900.00 in cash in payment of what he, defendant, admits he led Irby to believe was the identical barrel then in his warehouse.

There are other statements, conflicting and evasive, which make it impossible for us to give much, if any, consideration to the defendant's testimony. They relate particularly to the telephone conversations plaintiff swears positively to have had with defendant regarding the latter's excuses for failure to deliver the whiskey to plaintiff's address. At first the defendant admits, when questioned about these conversations, that he did have such conversations with the plaintiff, and then when he is carried for a few moments further under cross-examination, he denies with equal positiveness that he had these conversations with plaintiff, and finally says they were with Irby.

We rise from a close study of the record before us with the conviction that the defendant did sell and did intend to deliver to plaintiff the whiskey that he represented to both plaintiff and Irby was in his warehouse, but after receiving the cash therefor from Irby, and while knowing that Irby could not have been acting for himself, but only for plaintiff, he concluded to square accounts between himself and Irby on a transaction which he had had with Irby many months previous, and about which, under the pleadings in this case, we are not concerned, and can take no cognizance.

We may also add that there are no grounds under the pleadings or facts of this case for application of the doctrine of undisclosed principal, urged by counsel for defendant.

We find no error in the judgment of the trial court, and are of the opinion that it should be affirmed.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be and the same is hereby affirmed, at defendant's costs in both courts.