**WELLS et al. v. DAVIDSON et al.**

**No. 1177.**

Court of Appeal of Louisiana. First Circuit.

June 30, 1933.

Frank E. Powell, of De Ridder, for appellants.

Ped C. Kay, of De Ridder, for appellees.

**MOUTON, Judge.**

This suit is brought by Mrs. Pearl Wells and her husband, Edwin J. Wells, against Mrs. Louella Davidson, or, in the alternative, against T. Wilder Davidson, her husband.

The claim of Mrs. Pearl Wells is for $2,500, with 5 per cent. per annum interest from judicial demand, and of her husband is for $165.10, with like interest.

As the ground for her demand, Mrs. Pearl Wells alleges that she was bitten by a dog while on the premises of Mrs. Louella Davidson which belonged to Mrs. Davidson, being her paraphernal property, under her separate control and management.

It is then alleged in the alternative that, if this dog was not the paraphernal property of Mrs. Louella Davidson, it belonged to the community existing between Mrs. Davidson and her husband, T. Wilder Davidson, was being harbored by both of the spouses on the premises of the dwelling house, the family home, and, to their knowledge, the dog was a vicious and ferocious animal; and that Mrs. Louella Davidson, or, in the alternative, her husband, T. Wilder Davidson, allowed this dog to run at large on the premises of the dwelling house, on the open grounds and public ways.

The claim for damages by Mrs. Pearl Wells, as before stated, is for $2,500, with legal interest. Her husband, Edwin J. Wells, is claiming $165.10 for medical expenses, including the services of a physician, who was called to attend to Mrs. Wells.

The prayer of the petition is for judgment in favor of Mrs. Pearl Wells for $2,500, with legal interest, as aforesaid, and for judgment in favor of Edwin J. Wells for $165.10, with 5 per cent. per annum interest from judicial demand. In the event that the court finds that the dog was an asset of the community and was being harbored by either defendant spouses or both of them, plaintiffs then pray in the alternative for judgment in favor of Mrs. Pearl Wells for her separate account against T. Wilder Davidson in the sum of $2,500, with legal interest, and in favor of Edwin J. Wells against T. Wilder Davidson for $165.10, with like interest from judicial demand.

Exceptions of vagueness, want of proper articulation in the drafting of the petition and of misjoinder of parties defendant were filed by defendants.

The court overruled the exception of want of proper articulation, maintained the exception of vagueness, and dismissed the suit.

The dismissal was, however, based on the case of New Orleans Insurance Association v. Mary E. Harper, Surviving Widow, and E. Waggaman, Civil Sheriff, 32 La. Ann. 1165, wherein the exception filed by Waggaman, one of the defendants, was for misjoinder of the parties defendant, which was maintained and the suit dismissed on that ground.

It appeared from the allegations of the petition in that case that some machinery appertaining to a sugar refinery had been placed in the possession of William Harper, then civil sheriff of the parish of Orleans. At his death, Waggaman was inducted into the office of sheriff vacated by the demise of Harper, took possession of the property seized, and remained in its possession from November, 1874, to July, 1875, when it was released from seizure, whereupon it was found that some of the articles valued at $4,094 were missing from the schedule of the things seized. It was claimed by plaintiff association that this missing property belonged to it, and judgment was prayed for against the succession of Harper, and against Waggaman, in solido, for the value of the articles which had been either lost or abandoned.

The court, in commenting on the allegations of the petition, held that Harper, the deceased sheriff, could have been held for the articles only in case they disappeared while in his possession from November, 1873, to November, 1874; and, in that event, Harper alone could be responsible to plaintiff.

Likewise it was said by the court that Waggaman could be held for the articles if it was shown that they had been lost or abandoned while in his possession from November, 1874, to July, 1875, and in that case Waggaman alone could be held liable.

The court said further, viz.: "In other words, the demand against Harper excludes and precludes the demand against Waggaman, and the demand against Waggaman bars the demand against Harper. The respective demands are utterly inconsistent with and exclusive of each other."

It will be observed that in the hereinabove cited case, judgment was rendered rejecting the demand against the succession of Harper, but was rendered against Waggaman, who alone appealed. In sustaining the exception filed by Waggaman, no other suit could have followed against the succession of Harper.

■ In this case, the situation is quite different because a dismissal of the suit brought in the alternative against Mrs. Louella Davidson and her husband, T. Wilder Davidson, for misjoinder of parties defendant would necessarily force plaintiffs to institute suit against either of these two defendants. In the event that plaintiffs should err as to which of the two defendants should be sued, their demand might again be dismissed, necessitating a third suit to finally settle the issues involved in the case.

In the leading case of Gill v. City of Lake Charles et al., 119 La. 17, 43 So. 897, where we find a full review of our jurisprudence, and that of the common-law courts on the question under discussion, the court had this to say: "Our Code of Practice makes no provision for determining when parties may or may not be joined either as plaintiffs or defendants. We have to be guided in that regard by the well-settled rules of pleading as found in the books of common law, according to which a large discretion is left to the court; the aim being to avoid a multiplicity of suits," etc.

As hereinabove explained, the dismissal of plaintiffs' suit would unavoidably lead to the filing of other suits, and to avoid this multiplicity of suits, which the law abhors, it seems to us, that, in the absence of provisions in our Code of Practice to determine when parties may be joined as plaintiffs or defendants, Mrs. Louella Davidson and her husband could be joined as defendants, particularly in a case of this character, where the parties are sued on the same cause of action and in the alternative.

It will also be noted, in reading the syllabus of the court in Gill v. City of Lake Charles, 119 La. 17, 43 So. 897, that, after saying that the rule permitting the joining of plaintiffs or defendants was to avoid the multiplicity of suits, the court continues and says: "While not permitting parties to be joined who have not a common interest, or where the defendants would be embarrassed in their defense, or delays would be caused, or complications arise, in connection with costs, or otherwise."

In this case, as before remarked, the suit is on one cause of action, on which, if plaintiffs have the rights claimed by them, either Mrs. Louella Davidson or her husband is liable, and we do not see how on such a clear-cut proposition they could be embarrassed in their defense that delays could occur or other complications could arise.

In referring in 119 La. 17, 43 So. 897, 898, to the rules of the common law, the court said they were safe guides because they were not the product of arbitrary legislation but the gradual result of the "application of pure reason to the exigencies of cases in actual practice."

The trend of modern jurisprudence is to do away with the technicalities and legal refinements in pleadings and practice. Obviously, this departure of our courts from the application of such refinements led to the "application of pure reason to the exigencies of cases in actual practice," referred to by Mr. Justice Provosty in the leading case above cited. As there is no hard and fast rule in cases of this nature, pure reason should be applied to the exigencies of the situation, which called, as we see it, for the exercise of the "large discretion" with which the court below was vested, but not exercised by permitting defendants to remain joined as codefendants.

■ Vagueness was also a ground assigned by the court for the dismissal.

The cause of action is clearly set out by plaintiffs, first, against Mrs. Louella Davidson and her husband, referring to the facts upon which their liability is asserted; and, in the alternative, upon other grounds alleged, the demand of the plaintiffs is directed against her husband as head of the community.

We do not find that the petition is defective for vagueness, and that the suit should have been dismissed on that ground. The serious objection to the pleadings of plaintiffs is as to whether Mrs. and Mr. Davidson could be joined as defendants, as hereinabove discussed, and hereinabove passed upon, adversely to the contentions of defendants.

For the foregoing reasons, we are constrained to differ with our learned brother of the district court, and must reverse the judgment appealed from.

It is therefore ordered, adjudged, and decreed that the judgment be avoided and reversed; and that this case be, and is hereby, remanded to the lower court to be proceeded with, according to law; appellees to pay the cost of this appeal.