HOOD, Judge.
This is an action for damages instituted by plaintiffs against several defendants. Judgments were rendered by the trial court dismissing the suit as to some of those defendants, and plaintiffs appealed. The matter is before us at this time on separate motions filed by Hartford Insurance Company and by W. R. Aldrich & Company, two of the defendants named in this suit, to dismiss the appeal insofar as it concerns them.

Motion of Hartford Insurance Company

On February 21, 1964, a judgment was-signed by the trial court dismissing this suit with prejudice and at plaintiffs’ costs as to one of the defendants, Hartford Insurance Company. This decree was signed in response to a formal motion made by counsel for plaintiffs.
On February 7, 1966, or almost two years after this judgment of dismissal was signed, plaintiffs applied for and were granted a devolutive appeal to this court, which appeal was made returnable on April 4, 1966, and was conditioned upon the furnishing of an appeal bond in the amount of $200.00. The appeal bond was furnished on March 17, 1966.
Shortly after the record was lodged in this court, the defendant, Hartford Insurance Company, filed a formal motion with us to dismiss the appeal on the grounds: (1) That said judgment was voluntarily and unconditionally acquiesced in by plaintiffs within the meaning of LSA-C.C.P. Article 2085; and (2) that the delays for appealing, as provided in LSA-C.C.P. Article 2087, had elapsed before the appeal was granted.
The record does not indicate that the case was taken under advisement by the trial court prior to the signing of the judgment on February 21, 1964. The three-day delay for applying for a new trial, therefore, began to run on the day that judgment was signed. See LSA-C.C.P. Article 1913. The ninety-day period allowed by LSA-C.C.P. Article 2087 for perfecting a devolutive appeal expired during the latter part of May, 1964. Plaintiffs did not seek and were not granted an appeal until long after this delay had expired, and thus the appeal was not timely granted or perfected. For that reason, the motion to dismiss the appeal insofar as it concerns Hartford Insurance Company must be granted.
Since we have concluded that the appeal was not timely taken, it is unnecessary for us to consider the additional ground which was urged by Hartford for the dismissal, i. e., that the judgment was voluntarily and unconditionally acquiesced in by plaintiffs.

*877
Motion of W. R. Aldrich and Company

On November 5, 1965, W. R. Aldrich and Company, one of the defendants named in this suit, filed a motion for a summary judgment dismissing the suit as to that defendant. This motion came up for hearing on November 18, 1965, and at the conclusion of that hearing the trial judge granted the motion and rendered a summary judgment dismissing the suit as to W. R. Aldrich and Company. A formal decree dismissing the suit as to that defendant was signed on November 22, 1965. As we have already pointed out, plaintiffs were granted a de-volutive appeal on February 7, 1966, conditioned upon furnishing an appeal bond in the amount of $200.00, and that appeal bond was furnished on March 17, 1966.
W. R. Aldrich and Company have filed a formal motion in this court, praying that the appeal be dismissed on the ground that the appeal was not perfected within the ninety-day delay allowed by LSA-C.C.P. Article 2087.
The record shows that the case was not taken under advisement by the trial court prior to rendering the judgment of November 22, 1965, and thus notice of the signing of the judgment was not required and the three-day delay for applying for a new trial began to run on the day after that judgment was rendered. LSA-C.C.P. Articles 1913 and 1974; Georgia-Pacific Corporation v. Jim Walter Corporation, La.App. 3 Cir., 178 So.2d 794. The ninety-day delay for perfecting a devolutive appeal began to run at the expiration of the delay allowed for applying for a new trial. LSA-C.C.P. Article 2087. According to our calculations, the delay allowed for the taking of a devolutive appeal from the judgment of November 22, 1965, expired about February 24, 1966. The appeal bond was not filed, and the appeal thus was not perfected, until March 17, 1966, or about twenty-one days after the delays allowed for perfecting a devolutive appeal had expired.
LSA-C.C.P. Article 2087 provides, in part, that “ * * * an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, within ninety days of: (1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely.” We interpret this to mean that in order for the appeal to be timely taken, the appeal must be granted and the appeal bond must be furnished within the ninety-day period therein provided, even though the return date of the appeal may be fixed at or extended to some later date. See X-L Finance Company, Inc. v. Hollinger, et al., La.App. 3 Cir., 185 So.2d 873 (being rendered by us on this date).
In this instance, we hold that the appeal was not timely perfected insofar as it concerns the defendant, W. R. Aldrich and Company, and thus the appeal must be dismissed as to that defendant.

Decree

For the reasons herein set out, the motions to dismiss the appeal insofar as it concerns the defendants, Hartford Insurance Company and W. R. Aldrich and Company, are hereby granted.
Motions granted.