188 So.2d 486 (1966)
Willie WASHINGTON, Husband, etc. et ux., Plaintiffs-Appellants,
v.
FLENNIKEN CONSTRUCTION COMPANY et al., Defendants-Appellees.
No. 1750.
Court of Appeal of Louisiana, Third Circuit.
July 1, 1966.
*487 I. Edwin Henderson, Lake Charles, for plaintiff-appellants.
Cavanaugh, Brame, Holt & Woodley, by John E. Bergstedt, Lake Charles, for defendants-appellees.
Before TATE, HOOD, and CULPEPPER, JJ.
TATE, Judge.
This appeal concerns the sustaining of an exception of vagueness and the subsequent dismissal of the plaintiffs' suit because their amended petition did not sufficiently cure the vagueness complained of. The issues are whether on appeal an appellate court may review an interlocutory judgment of a trial court sustaining an exception of vagueness and, if so, whether the trial court's rulings on the matter are correct in the present case.
The plaintiffs appeal from the dismissal with prejudice of their suit against the two defendants that had filed the exception of vagueness, the Flenniken Construction Company and its liability insurer, the Argonaut Insurance Company. We will refer in this opinion to both of these defendants-appellees as "Flenniken". (We have previously dismissed as not timely the plaintiffs' appeal from the dismissal of their suit against two other defendants. Washington v. Gillard, La.App., 185 So.2d 875).
1. The original petition.
This is a damage suit by a plaintiff husband and wife. Pertinently to the present appeal, the cause of action is based upon the wife's injuries when she "fell or was tripped by certain obstructions which she did not see, which were created by * * * the Flenniken Construction Company." Article 7 of the petition. It is also alleged that neither the other defendants "nor Flenniken Construction took any precautions to warn the public * * * against these dangerous obstructions or the generally dangerous condition of the passageway." Article 8.
Later in the petition it is summarized that the plaintiff-wife sustained certain specified damages "as a result of the negligent acts committed by the defendants and their failure to give the plaintiff due warning and protection against the dangerous obstructions, such as piled up dirt, holes, loose stones, large rocks or stones, among other things * * *." Article 12. From other *488 allegations and other pleadings, it is shown that the area within which the plaintiff fell was allegedly part of a highway-construction site wherein Flenniken Construction Company was performing certain construction work.
2. The exceptions of vagueness.
In addition to certain detailed discovery interrogatories which sought (and obtained) great detail concerning the plaintiffs' evidence, Flenniken also filed a (first) exception of vagueness stating it could not intelligently or safely plead to the exception because of its indefiniteness as to certain particulars, including that, Tr. 20: "The petition does not adequately detail or describe the obstructions on which petitioner * * * fell or tripped * * * [and] fails to allege the location of the certain obstructions * * * [and] fails to allege what was dangerous about the alleged obstructions".
When this exception came for hearing, by stipulation of both counsel the plaintiffs' counsel agreed to amend to cure these alleged defects (and others which are no longer material).
Accordingly, by First Amended Petition the plaintiffs added the following details to their original pleading, Tr. 34:
"* * * B. The plaintiff Ella Rena Washington's fall was caused by either one or more of the following obstacles: Either loose gravel, dirt, a crack in the concrete, building or construction materials or unleveled road or side walk conditions.
"C. The accident occurred and the aforesaid obstacles were located approximately 200 feet East of the intersection of Prater Street and the Southern Side of Inter State Ten in the City of Lake Charles, Louisiana.
"D. The aforesaid obstacles were dangerous either because of their inherent nature, their location, their lack of visibility and or their condition."
Flenniken then filed a "supplemental" exception of vagueness, urging that it still could not intelligently and safely plead despite the additional detail added by the amended petition. With seeming seriousness, Flenniken's able counsel complained of continued indefiniteness as follows, Tr. 36.
"(a) The original petition and the first amending petition do not specify, detail or describe the obstructions on which plaintiff, Mrs. Ella Rena Washington alleges she fell or tripped.
"(b) The original petition and the first amending petition do not specifically detail in what manner the alleged obstructions are alleged to be dangerous. * * *"
The trial court sustained this supplemental exception of vagueness. It held that the allegation with reference to the cause of the fall was still vague because "it refers to several possibilities", and also that the allegation with regard to the nature of the danger of the obstacles was still vague as not sufficiently indicative thereof as to indicate what sort of warning to the public was required. Tr. 57. The trial court granted the plaintiff fifteen days within which to amend in order to cure the vagueness complained of, upon penalty of dismissal with prejudice in the event of noncompliance.
Within the time specified, plaintiff filed its Second Amending Petition, alleging, Tr. 63:
"1. That your petitioner cannot be sure of what obstacle she fell over but will state that the obstacles detailed in article one B. of her first amending petition were in the area and that she probably fell as a result of stepping on loose dirt or gravel.
"2. Plaintiff alleges that the obstacles were dangerous either because of their inherent nature, their location, their lack of visibility, their condition and or the fact *489 that defendant made no effort to warn the public in general and the plaintiff, Ella Rena Washington, in particular of their presence."
After the second amended petition was filed, Flenniken filed a motion to dismiss for noncompliance with the court order. Amazingly, Flenniken still contended it could not intelligently plead because of the vagueness and indefiniteness of the original, first amending, and second amending petitions. The thrust of its prayer for dismissal because of noncompliance is that the second amending petition "still does not allege with any detail what obstacles the plaintiff Mrs. Ella Rena Washington alleges that she tripped or fell on and does not allege with any detail in what manner said obstructions are alleged to be dangerous." Tr. 66.
The trial court sustained this motion and dismissed with prejudice the plaintiffs' suit against Flenniken. The trial court stated, Tr. 69, "Necessarily, the cause of the fall involves a matter of who might be negligent with respect to the fall, as well as the extent of any negligence involved * * * [in not] having warned the public of the alleged dangerous nature of that obstacle."
3. The purpose of an exception of vagueness.
We have set forth the pleadings with perhaps unnecessary detail because we have some difficulty in understanding the basis of Flenniken's contention that the petition is so indefinite or ambiguous that this defendant could not intelligently plead to it.
For purposes of passing upon the exception of vagueness, we will assume that the plaintiffs have stated a cause of action, although we make no determination of such issue here. The nature of the cause of action alleged is that the plaintiff wife was injured when she tripped because of some object or material negligently left without warning in the construction area in which Flenniken's construction crews were working or over which they had supervision. The plaintiff-wife repeatedly alleged she could not be sure of just what she had tripped on, but she listed several materials or conditions as the possible causes of her tripping and stated that probably the cause of her fall was stepping on loose dirt or gravel. Despite the persuasiveness of the oral argument by counsel for appellees, we simply cannot agree with Flenniken's contention that, for purposes of an exception of vagueness, even further detail is required.
The "vagueness or ambiguity" of a petition is one of the dilatory exceptions which may be raised in limine or else be waived. LSA-CCP Art. 926. By definition, a dilatory exception is one which does not tend to defeat the action but merely retards its progress. LSA-CCP Art. 923.
The purpose of the exception of vagueness is to place the defender on notice of the nature of the facts sought to be proved so as to enable him generally to prepare his defense, as well as additionally by a formal pleading to identify the cause of action so as to bar its future re-litigation after determination by the present suit. Merrimack Mutual Ins. Co. v. Sears, Roebuck & Co., La.App. 2 Cir., 128 So.2d 239, citing Doullut v. McManus, 37 La.Ann. 800 (1885), which early decision is likewise cited by Official Revision Comment (a) 5, LSA-CCP Art. 926, in explanation of the exception of vagueness.
However, the defendant is not entitled through the exception of vagueness to require exactitude and detail of pleading beyond those necessary for these aims.
Even before modern discovery procedures made mechanisms outside of formal pleading available to discover factual detail of an opponent's case, a Supreme Court decision of seven decades ago stated, in overruling an exception of vagueness: "Full notice was given the defendant of the grounds of the action. There is a definite issue presented. The defendant could not *490 be taken unawares by the evidence admissible under the pleadings, as the petition was explicit in substantial particulars." Godchaux v. Baumann, 44 La. Ann. 253, 257, 10 So. 674, 675 (1892).
Thus, although a plaintiff has failed or refused to furnish detailed facts requested through an exception of vagueness or although he has been able to allege them only in the alternative or as possibilities, the Louisiana appellate courts have consistently reversed dismissals because of non-amendment to comply with a judgment sustaining an exception of vagueness, when the original petition has fairly informed the defendant of the general nature of the cause of action and has alleged substantial particulars sufficient to enable the defendant to prepare its defense against evidence admissible under such allegations.
See: City of Gretna v. Gulf Distilling Corporation, 207 La. 719, 21 So.2d 884 (plaintiff unable to furnish amounts and exact dates of waters illegally used); Merrimack Mutual Ins. Co. v. Sears, Roebuck & Co., La.App. 2 Cir. 128 So.2d 239 (in suit to recover for fire losses, the plaintiffs were unable to allege where or how wiring defective, or to identify defendant's employee who dropped match or when or where it was done to start fire of specified date alleged, or to state which combustible materials on defendant's premises were negligently maintained so as to start fire); Williams v. American Employers Ins. Co., La.App. 1 Cir., 10 So.2d 516 (damage suit; plaintiff set forth all details he could; held: exception of vagueness should be overruled, although inability to allege more definite causal relationship posed question of peremptory exception of no cause of action to petition); Wells v. Davidson, La. App. 1 Cir., 149 So. 246 (the plaintiff, suing husband and wife for a dogbite, unable to allege definitely to which defendant the dog belonged); Boone v. Mrs. Maurer's Bakery, Inc., La.App. 2 Cir., 158 So. 877 (plaintiff unable to allege particular dates and amounts in suit for unpaid wages, where general period of employment, salary, and net balance due alleged).
Consistent with these decisions have been those affirming a trial court's overruling of an exception of vagueness, when appellate review of this interlocutory judgment was sought by the defendant after adverse judgment on the merits. See, e. g.: Godchaux v. Baumann, 44 La.Ann. 253, 10 So. 674; Doullut v. McManus, 37 La.Ann. 800; Honeycutt v. Carver, La.App. 1 Cir., 25 So.2d 99 (plaintiff not required to furnish information which was more a matter of evidence than of pleading a cause of action); Swayze v. Tri-State Utilities Co., 2 Cir., 1 La.App. 752 (exact hour of injury not required; "on or about" date sufficient); Cole v. Zeigler, Orl., 1 La.App. 127 (see p. 128: "It is not required, under rules of practice, that the petition, as the basis of the suit, should do other than contain allegations necessary to support a cause of action. The plaintiff is not required to allege any fact which the defendant may deem necessary in formulating his rejoinder.") See also cases cited under annotation headings 9-20 ("Exception of vagueness"), LSA-CCP Art. 926, 3 West's LSA-CCP (1960).
The plaintiffs' petition fairly informs the defendants of the nature of the cause of action alleged and includes sufficient substantial particulars to enable the defendants to prepare their defense against evidence admissible under these allegations. The defendants' exceptions of vagueness sought details which were merely evidentiary and were unnecessary to sustain the plaintiffs' cause of action. We conclude therefore that the trial court erred in sustaining Flenniken's exceptions of vagueness and in dismissing as inadequate the amendment of the plaintiffs' petition in attempted compliance with its erroneous orders sustaining the exceptions.
We find especially pertinent to the present circumstances, the observation of our Supreme Court in City of Gretna v. Gulf *491 Distilling Corp., 207 La. 719, 21 So.2d 884. In that case, a plaintiff's suit was dismissed where after several attempts a plaintiff was unable by amendment to its petition to supply the detail requested by the defendant's exceptions of vagueness. In reversing, our Supreme Court stated, 21 So.2d 889:
"The exception of vagueness is a dilatory plea. Such exceptions do not tend to defeat the action but only to retard its progress. * * * The purpose of the exception is to compel the plaintiff to amplify and make more definite his claim in order that defendant may properly prepare his defense. It is futile to order a plaintiff to give information that he alleges is not in his possession and is not procurable by him at the beginning of the suit. * * * The only effect of an order with which, on the face of the petition, plaintiff is unable to comply is to convert a dilatory exception into a peremptory exception tending to the dismissal of the suit. When a plaintiff has alleged all that he can possibly allege, his petition must be met by a peremptory exception and not by a dilatory exception, such as a plea of vagueness.
"Our conclusion is that the showing made by plaintiff in its several petitions entitle plaintiff to an opportunity to prove its claim. If plaintiff fails to do this it will at least have been given its day in court. If plaintiff has stated a cause of action which he can substantiate by proof, plaintiff should not be deprived of his right of recovery."
4. Is the judgment of the trial court sustaining the exception of vagueness reviewable on appeal?
Nevertheless, based upon a line of decisions to be cited below, Flenniken's able counsel argues with considerable force that the correctness or not of the trial court's sustaining of the exception of vagueness is not before us on appeal.
Under LSA-CCP Article 933, when the grounds of a dilatory exception "may be removed by amendment of the petition or other action by plaintiff, the judgment sustaining the exception shall order plaintiff to remove them within the delay allowed by the court; and the suit shall be dismissed only for a noncompliance with this order." (Italics ours.)
The basis of this dismissal is the power of the court to enforce compliance with a lawful procedural order in connection with a dilatory exception, Began v. Byrom, La.App. 3 Cir., 151 So.2d 718, for by definition the dilatory exception "merely retards the progress of the action" and "it is not filed in order to defeat the action", LSA-CCP Art. 923. For this reason, the judgment of dismissal for failure to cure the defect urged by dilatory exception has consistently been without prejudice, with trial court dismissals being so amended when not so providing. Martin v. Garon, La.App. 4 Cir., 172 So.2d 751; Bogan v. Byrom, La.App. 3 Cir., 151 So.2d 718; LaFleur v. Dupuis, La.App. 3 Cir., 147 So.2d 724.
All deriving from Neal v. Hall, La.App. 2 Cir., 28 So.2d 131, there is, as Flenniken points out, a line of cases which hold that, on an appeal from a dismissal because of noncompliance with an order to cure a dilatory exception, the merits of the interlocutory order requiring amendment will not be reviewed, but merely whether the trial court abused its procedural discretion by dismissing the suit. See Martin, Bogan, and LaFleur cases cited in the preceding paragraph. Except for Martin, these cases are distinguishable from the present situation, where the plaintiff did attempt to amend in compliance with the order, even though the attempted amendment was held to be insufficient; as compared with the situation in the cited cases, where the plaintiffs made no attempt to amend, and the trial court's consequent dismissal of the action was therefore held to be no abuse of its discretion to enforce compliance with its lawful orders.
Thus, accepting for the moment that the above-cited line of cases were correctly *492 decided, nevertheless in our opinion the plaintiffs' attempted amendment to comply with the judgment sustaining the exception of vagueness squarely poses for our decision whether the trial court's rulings were correct: for, if not, it was an abuse of discretion to dismiss the plaintiffs' suit despite their attempted compliance with the trial court rulings. The situation is unlike those in the cited cases where the dismissal was held to be no abuse of discretion, as reasonably justified to enforce compliance with the court's lawful orders when there was no attempt whatsoever to amend in compliance therewith.
We have already noted our view that the trial court erred in sustaining Flenniken's exception of vagueness, for the reasons previously stated in the preceding subheading 3 of this opinion. We therefore reverse the dismissal of the plaintiffs' suit resulting from these erroneous rulings.
Moreover, based upon the many decisions cited in this preceding section, which were overlooked at the time of our decision in LaFleur v. Dupuis, we have concluded that we should not base upon any limited exception to the holding in that case our present willingness to review the correctness or not of the trial court judgment sustaining the exception of vagueness. We prefer instead to overrule LaFleur v. Dupuis and to rest our present holding upon the broader basis that upon appeal from a final judgment of dismissal an appellate court may always review the correctness or not of the trial court's interlocutory order or judgment sustaining the exception of vagueness (which results subsequently in the suit's dismissal upon the party's failure to amend in compliance therewith.)
We have become convinced upon further reflection that we were incorrect in LaFleur v. Dupuis to follow the lone decision of Neal v. Hall, and that these two cases and their isolated progeny were decided erroneously. In the first place, as the decisions cited in the preceding section of this opinion show, the correctness or not of a trial court's judgment sustaining an exception of vagueness has consistently been reviewed upon appeal throughout our jurisprudence, except in those few decisions in the line of cases cited immediately above. In the second place, the theoretical basis for these isolated latter decisions is plainly incorrect, as we have become convinced by the critique of them by the noted authority on Louisiana procedural law, Dean Henry George McMahon, to be referred to below.
In commenting upon LaFleur v. Dupuis and Neal v. Hall in connection with the annual survey of Louisiana jurisprudence, Dean McMahon stated that these decisions are "so technical as to be completely unworkable", and so obviously unsound as not to require legislative cure because the courts themselves can be expected to overrule them when their doctrinal inadequacy is called to judicial attention. McMahon, "Civil Procedure", 24 La.Law Review, 291, 310-311 (1964).
Dean McMahon pointed out that the rationale of the decisions was "that the appeal did not bring up for review the interlocutory order requiring amendment" 24 La. Law Rev. 310. He then continued: "In both of these decisions, the appellate courts overlooked the rationale of the procedural rule applied. The reason for the prohibition against an appeal from an interlocutory judgment which does not cause irreparable injury is not to preclude any appellate review thereof, but rather to prohibit fragmentary appeals. An interlocutory order which causes no irreparable injury is reviewable under the appeal taken from the final judgment in the case. The interlocutory order in Dupuis requiring amendment of the petition should have been reviewed under the appeal from the final judgment dismissing the suit." 24 La.Law Rev. 310-311.
Decree.
For the foregoing reasons, we reverse the trial court judgment dismissing the plaintiffs' suit against the Flenniken Construction *493 Company and its insurer, Argonaut Insurance Company, as well as the lower court judgment sustaining these appellees' exceptions of vagueness; the case is remanded for further proceedings not inconsistent with the views herein expressed. These defendants-appellees are cast with all costs of this appeal; assessment of other costs to await final determination of these proceedings.
Exception of vagueness overruled; case remanded.