YELVERTON, Judge.
Otis Anderson, Bobby R. Howard and Ronald James Green, plaintiffs in a class action brought against the Mayor and the City of Alexandria and its insurer, appeal the dismissal of the action on exceptions of prematurity and vagueness. We reverse and remand.
These plaintiffs, suing for themselves and for the class of those city employees not members of a collective bargaining unit, brought this suit for damages caused by an executive order from the mayor’s office issued on March 3, 1982, reducing the work week from 40 to 32 hours. The plaintiffs claimed to be third party beneficiaries of a working agreement between the city and the American Federation of State, County and Municipal Employees, AFL-CIO. The suit was filed after this court in Smith v. City of Alexandria, 420 So.2d 1329 (La.App. 3rd Cir.1982) affirmed a judgment finding the executive order illegal and granting an injunction against enforcement of the order.
When the present suit was filed the defendants lodged and the trial judge sustained both the exception of prematurity and the exception of vagueness. The trial court found that the suit was premature because the plaintiffs had failed to exhaust their administrative remedies before resorting to court action. Specifically, the court found that they had failed to exhaust the administrative remedies outlined in LSA-R.S. 33:2501 and related statutes. The cited section, found in the law dealing with municipal fire and police civil service, outlines the procedure for administrative resort to municipal civil service boards, and begins in the following language:
§ 2501. Appeals by employees to the board
“A. Any regular employee in the classified service who feels that he has been discharged or subjected to any corrective or disciplinary action without just cause, may, within fifteen days after the action, demand, in writing, a hearing and investigation by the board to determine the reasonableness of the action. The board shall grant the employee a hearing and investigation within thirty days after receipt of the written request.”
Clearly, the plaintiffs’ petition was not protesting a discharge or any directive or disciplinary action. It is only when any regular employee in the classified service protests discharge or corrective or disciplinary action that the administrative procedure outlined by the statute applies. Regardless of whether plaintiffs were “regular employees” or “in the classified service”, as these terms are elsewhere defined (R.S. 33:2473 and.2481) — and we note there is scant evidence on these points — they are assuredly not contesting discharge or any corrective or disciplinary action, and Section 2501 does not apply to them.
When, as here, a defendant files an exception raising the issue of prematurity, the defendant pleading the exception has the initial burden of showing that an administrative remedy was available, by reason of which the judicial action was premature. Steeg v. Lawyers Title Insurance Corporation, 329 So.2d 719 (La.1976). Defendants failed to carry their burden of proving the existence of an administrative remedy available to these plaintiffs. The dismissal of their suit on that ground was error.
We find also that the trial court erred in upholding the exception of vagueness. The petition of the plaintiffs, though not detailed, was sufficient to place the defendants on notice of the nature of the facts sought to be proved so as to enable them generally to prepare their defense, and was additionally sufficient to identify the cause of action so as to bar its future re-litigation after determination by the present suit. See Washington v. Flenniken Construction Company, 188 So.2d 486 (La.App. 3rd Cir.1966).
For these reasons, we find that the action should not have been dismissed. We reverse and remand to the district court for further proceedings. Defendants are to pay costs of this appeal.
REVERSED AND REMANDED.