I iPARRO, Judge.
This is an appeal by plaintiff, David Con-nelley (“Connelley”), from a judgment of the trial court affirming action taken by the Hammond Municipal Fire and Police Civil Service Board (“Board”) in which the Board failed to grant any relief to plaintiff based on his complaint of a discriminatory implemen *723 tation of the City of Hammond’s pay classification plan.
The City of Hammond implemented a new pay classification plan for all city employees which became effective on January 1, 1991. Connelley complains that the pay classification plan is discriminatory because it does not provide uniform pay to persons who have the same pay grade code, and is therefore unconstitutional. Since Connelley is a civil service employee (a city police officer), his only grounds for appeal to the Board lie within the civil service statutory framework. LSA-R.S. 33:2471 et seq. In particular, Con-nelley’s right of appeal pursuant to LSA-R.S. 33:2501(A), which provides the procedure for administrative resort to municipal civil service boards, reads as follows:
Any regular employee in the classified service who feels that he has been discharged or subjected to any corrective or disciplinary action without just cause, may, within fifteen days after the action, demand, in writing, a healing and investigation by the board to determine the reasonableness of the action. The board shall grant the employee a hearing and investigation within thirty days after receipt of the written request.
It is obvious from Connelley’s petition for review that his complaint to the Board did not pertain to a discharge or any corrective or disciplinary action, which are the only grounds which afford Connelley the appeal procedure described by the statute. It is only when any regular employee in the classified service protests discharge or corrective or disciplinary action that the administrative procedure outlined by the statute applies. Therefore, LSA-R.S. 33:2501 does not apply in this case. See Anderson v. Lanier, 479 So.2d 667 (La.App. 3rd Cir.1985).
Based on the clear wording of this statute, we conclude that the Board was without legal authority to entertain Connelley’s complaint or to render any decision with respect | ¾⅛> his allegations of unconstitutional discrimination. The Board was simply not the proper forum for Connelley to raise his constitutional issues regarding the implementation of the City of Hammond’s pay plan.
Accordingly, the district court’s judgment affirming the action of the Board is vacated, and Connelley’s claim to the Board is dismissed. Costs of this appeal are assessed to Connelley.
JUDGMENT VACATED; PLAINTIFF’S CLAIM DISMISSED.