Dear Mayor Thibodeaux,
This office is in receipt of your request for an opinion of the Attorney General in regards to holiday compensation for classified employees working within the Opelousas Police and Fire Departments. Generally, you ask the following three questions:
 1. Is the City required/authorized to pay classified employees of the Opelousas Police and Fire Departments "double-time" if they work on designated holidays?
 2. Is the City required/authorized to pay classified employees of the Opelousas Police and Fire Departments eight hours of "straight-time" in addition to their regular salary who do not work on designated holidays?
 3. What is the jurisdiction of the Opelousas Fire and Police Civil Service Board regarding holiday pay of fire and police department employees?
In addressing your request, we will first look to the statutes pertaining to the police department, in particular, LSA-R.S.33:2211, which sets forth the definition of an "employee of a police department" stating, in pertinent part:
 A. The provisions of this Subpart shall apply to municipalities having a population of not less than twelve thousand nor more than two hundred fifty thousand; however, R.S. 33:2214 shall not apply to the City of Westwego.
 B. The term "employee of a police department" as used in this Subpart shall include all persons employed or engaged full time and paid by the municipalities affected by this Subpart, for the enforcement of laws and ordinances and the general preservation of the public peace and order, including jailers and radio operators not otherwise classified, but shall not include or mean pound keepers, dog catchers, janitors, porters, elevator operators, chefs, kitchen helpers and workers, mechanics and mechanical helpers, special guards, physicians, carpenters, sign painters, any part-time or temporary employee, or any other employment of such special nature.
LSA-R.S. 33:2214.1 sets forth the guidelines as to compensation for employees of the police department as defined above who are required to work on designated holidays. It states, in pertinent part:
 All municipal police department employees to which this Subpart applies who are required to work on Christmas, New Year's Day, July 4th, and Labor Day, and/or on any other two state legal holidays to be selected and designated by the local governing authority, shall receive, in addition to the compensation to which such employee would be entitled under laws and pay plans in effect, extra compensation at the rate of one times his usual salary, to be determined by reducing his average monthly salary to an hourly scale but which, in no event, shall be less than two times the hourly rate payable to the employee for straight or regular time under the laws or pay plans in effect; provided, that in lieu of additional compensation, governing authorities, at their option, may grant police department employees time off from work for which such additional compensation would be due and payable to said employees.
 Nothing in this Section shall preclude a local governing authority from granting to its municipal police department employees covered hereby, additional holidays; provided payment therefor is not less than is required by the provisions of this Section.
The law provides that those employees of the police department who fall within the definition of LSA-R.S. 33:2211, and who are required to work on the holidays specified in LSA-R.S. 33:2214.1
and/or any other two state legal holidays designated by the local governing authority shall be compensated from the governing authority in one of two ways. First, the local governing authority may compensate employees of the police department who work on designated legal holidays by paying them "one times his usual salary", in addition to the employee's regular salary. In other words, employees of the police department who work on designated legal holidays are entitled to be paid as compensation twice their regular salary, commonly referred to as "double-time." Second, the local governing authority may, at their option, grant police department employees time off from work in lieu of monetary compensation, when such additional compensation is due to said employees.
Thus, in conclusion to that part of your first inquiry regarding classified police department employees, it is the opinion of this office that the City of Opelousas is required to pay, as compensation to those employees of the city police department who work on designated state holidays, either the employee's regular salary, plus the same amount (double-time) or the City may compensate police department employees by granting them time off, for which such additional compensation would be due. No additional compensation beyond double-time payment is due policemen working on a holiday.
Our focus now shifts to the second inquiry of your request concerning classified employees of the city fire department. LSA-R.S. 33:1991 defines the term "fireman" and states, in pertinent part:
 A. The word "fireman," as used in this Sub-part includes all persons employed or engaged full time by municipalities or municipal fire departments or by parishes or parish fire departments or fire protection districts for fire fighting or fire prevention duties and services, including operators of the fire-alarm system when such operators are members of the regularly constituted fire department. The word "fireman" does not include carpenters, storekeepers, machinists, clerks, building hazard and similar inspectors, physicians or other non-fore fighting employees detailed for such special duties, nor does the word "fireman," include employees of privately owned or operated fire fighting or fire prevention services.
This statutory definition of "firemen" is utilized when interpreting LSA-R.S. 33:1999, which provides for compensation of fire department employees who are required to work on designated holidays. It states, in pertinent part:
 Firemen in municipalities, parishes and fire protection districts who are required to work on any or all of certain legal holidays, namely Christmas, New Year's Day, July 4, Labor Day, Thanksgiving Day, and National Memorial Day, shall receive in addition to the compensation to which such employee would be entitled under laws and pay plans now in effect, compensation at the rate of one times his usual salary, to be determined by reducing his average monthly salary to an hourly scale; provided that in lieu of additional compensation, governing authorities, at their option, may grant fire department employees time off from work for which such additional compensation would be due and payable to said employees.
The statutes governing holiday pay for fire department employees are similar to those governing police department employees. Those employees who fall under the statutory definition of "firemen", and who are required to work on the specified holidays are entitled to compensation by the local governing authority in either of two ways. First, the local governing authority may compensate employees of the fire department who work on designated holidays by paying them their regular salary, plus the same amount (double-time). Second, the local governing authority may alternatively grant fire department employees time off from work, in lieu of monetary compensation, when such additional compensation is warranted. No additional compensation beyond double-time payment is due firemen working on a holiday.
Therefore, it is the opinion of this office that the City of Opelousas is required to pay, as compensation to fire department employees who work on designated holidays, either the employee's salary twice (double-time) or the City may grant the employee time off from work when such compensation is due.
In addressing your second inquiry, we find no statutory authority which provides that local governing authorities are required or authorized to pay classified employees of either the police or fire departments additional compensation who do not work on designated holidays. That employee is simply off with pay, but is not entitled to further compensation. Therefore, it is the opinion of this office that the City of Opelousas is not required to pay classified employees of either the police or fire departments additional compensation when the employee does not work on a designated holiday.
Regarding your third question, we conclude that decisions regarding holiday pay issues as contemplated herein are within the authority of the City and not the Board. See Connelley v.Hammond, 638 So.2d 722 (La.App. 1st Cir. 1994). Note that we further adopt herein the conclusions of Mr. Brian Babin in attached correspondence dated February 11, 1997 as legally correct.
We hope this explanation of the law clarifies these issues for you and should you have any further questions concerning this matter, please feel free to contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
BY: ______________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL KLK:ams