293 So.2d 901 (1974)
Stan J. ZBOZEN et al.
v.
DEPARTMENT OF HIGHWAYS, State of Louisiana, et al.
No. 9802.
Court of Appeal of Louisiana, First Circuit.
April 22, 1974.
*902 John L. Avant, Baton Rouge, Maurice S. Cazaubon, Jr., New Orleans, C. Paul Barker and Floyd J. Falvon, Jr., Baton Rouge, for defendants La. Public Employees Council 17 and all individual unions.
Wm. P. Wray, Jr., H. Payne Breazeale, Jr. and Gordon A. Pugh, Baton Rouge, for plaintiffs-appellees.
Marshall W. Wroten and Ronald R. Thompson, Baton Rouge, for defendants-appellees Hwy. Dept.
R. Gray Sexton, Baton Rouge, for Intervenor Civil Service Commission.
Before SARTAIN, J., and VERON and BAILES, JJ. pro tem.
JULIAN E. BAILES, Judge Pro Tem.
This is a suit for declaratory judgment, seeking to have the court adjudge a certain contract entered into between Louisiana Public Employees Council 17; American Federation of State, County & Municipal Employees, AFL-CIO; and its affiliates, Local Unions Nos. 242, 853, 1222, 1431, 1532, 1536, 1572, 1673, 1712, 1713 and 1714, and the Department of Highways, State of Louisiana (Department), null and void and of no force and effect, and for judgment decreeing the contract to be in violation of the rights of the petitioners and in violation of the constitution and the laws of the State of Louisiana; for a preliminary writ of injunction, enjoining, restraining and prohibiting the defendants from implementing the provisions of the said contract and that ultimately the defendants be permanently enjoined from carrying out the terms, conditions and provisions of this contract.
The trial court, as petitioned for by plaintiffs, issued a rule nisi to the defendants to show cause why a preliminary injunction should not issue, all as prayed for by plaintiffs.
In time the rule for a preliminary injunction was tried. The trial court, for written reasons, issued a preliminary injunction, enjoining and prohibiting the defendants from carrying out the provisions of the contract which in any manner would result in the defendant unions acting as the sole and exclusive bargaining agent of all employees covered by the contract and agreement. Issuance of the preliminary injunction was conditioned on plaintiffs furnishing bond in the amount of $5,000. The bond was furnished and the preliminary injunction did issue.
The named union defendants moved for and were granted a devolutive appeal which was timely perfected.
Plaintiffs have answered the appeal. The preliminary injunction was issued on July 6, 1973, and this appeal was moved for on July 13, 1973, and perfected by the filing of the bond on July 16, 1973. The record herein was lodged in this court on January 7, 1974. The answer to the appeal was filed on January 21, 1974.
*903 The defendant unions have moved to dismiss the plaintiffs-appellees' answer to the appeal on the ground that the answer to the appeal, under C.C.P. Art. 2133 is equivalent to an appeal, and the filing of an answer to the appeal by appellees does not conform to the requirements of an appeal under C.C.P. Art. 3612.
That portion of Art. 3612 with which we are concerned insofar as the motion to dismiss is to be considered provides:
"* * *
"An appeal from an order or judgment relating to a preliminary injunction must be taken and a bond furnished within fifteen days from the date of the order or judgment. * * *.
"Except as provided in this article, the procedure for an appeal from an order or judgment relating to a preliminary or final injunction shall be as provided in Book III."
Appellants argue that the relief appellees seek (the enlargement and expansion of the preliminary injunction) in their answer to the appeal is identical to that which appellees would have sought had they initiated the appeal, that by reason thereof their answer is the same thing as an appeal, and that as such it does not comply with C.C.P. Art. 3612 and should be dismissed.
Appellants rely on Morris v. Transtates Petroleum Inc., 258 La. 311, 246 So.2d 183, and Cloud v. Bushnell, 247 La. 249, 168 So.2d 274, to support their motion.
The case of Cloud v. Bushnell, supra, is clearly inapposite on the facts and whatever that court said therein cannot be controlling or even persuasive in considering this motion to dismiss.
In the Morris case, the Supreme Court was considering, in relation to C.C.P. Art. 3612 and the fifteen days therein provided for the taking and perfection of an appeal, whether the delay provided in the Code of Civil Procedure for applying for a new trial and the time elapsed during consideration of the motion by the trial court suspended the tolling of the stipulated fifteen days for the taking and perfection of the appeal. The court held that the delays incident to applications for a new trial have no reference to the fifteen day delay for perfecting an appeal from an order or judgment relating to preliminary injunctions under Article 3612, and that there were no exceptions to the mandate of this article.
We find no fair or reasonable analogy to the rationale of the court in its holding in the Morris case to the position of the appellants. There is no mandate in Article 3612 that is contrary to or in conflict with Article 2133 pertaining to an answer to an appeal.
Under the Official Revision Comments ¶ (c) this direction is found: "Under the last paragraph of this article, except where specific portions differ from the procedure for appeals, the general rules are applicable." This comment leads us to conclude that the redactors did not envision that an answer to an appeal from an order or judgment pertaining to a preliminary injunction should be reprobated. We find no legal justification for dismissal of the answer to the appeal.
Before passing to the issues of the appeal we will consider the answer to the appeal filed by appellees and the contentions therein asserted. In their answer, appellees seek first to have the scope of the preliminary injunction extended to prohibit the appellants from acting as bargaining agents for any and all employees of the Department, and secondly, that we reverse and set aside certain findings of fact and conclusions of law made by the trial court.
As to this court extending the preliminary injunction to prohibit appellants from acting as collective bargaining agents for Department employees who are members of the unions, we adopt the position of the trial court that there is no provision of law that we are aware of which prohibits governmental agencies from recognizing *904 collective bargaining agents of its employees. In the absence of positive law prohibiting recognition of such collective bargaining agents for union-member employees, there is no basis for enjoining such action. At this stage of plaintiffs-appellees' action, we perceive of no compelling reason to deny the Department's union-member employees the right to be represented within the terms and conditions of the subject contract, by defendants-appellants as collective bargaining agents.
Passing to the issue of the answer to the appeal that we reversed certain findings of fact and conclusions of law made by the trial court, we do not consider it appropriate that an appellate review be made of these matters at this stage of the proceeding. The judgment appealed is not a final judgment but is an appeal of an interlocutory order or judgment permitted by C.C.P. Art. 3612. It must be understood that the judgment of the trial court which is the subject of this appeal is not dispositive of the merits of the case.
Presented for this appellate review is the narrow question of whether the issuance of the preliminary injunction, in the terms and on the conditions assigned in the trial court judgment, is supported by the evidence. On our review of the record, we find that the judgment appealed is correct, and we affirm.
The trial court found, and the record fully supports it, that the Department employs 7,289 persons. Of this number 2,187 are excluded from the operation of the subject contract by its terms. This leaves 5,102 employees whose rights are affected by the provisions of the contract. Of this latter number 1,619 have authorized dues check-off. The trial court, on the basis of this computation, concluded that a reasonable interpretation of this finding is that 3,483 of the 5,102 employees have not designated the Union defendants to represent them nor authorized the Department to designate a collective bargaining agent for them. We agree.
Plaintiffs contend that a preliminary injunction should issue because to exercise the contract would violate their constitutional right of free association and infringes on their right to designate their own bargaining agents.
In discussing this position of the plaintiffs, the trial court stated in its written reasons for judgment:
"It is true that employees have no absolute right to bargain collectively nor does our law prohibit public employers from recognizing collective bargaining agents. However, in designating an agent for its employees the public employer (in this case the Board of Highways) must act reasonably. The actions of public officers, in this and all cases, are subject to review by the Court to prevent arbitrary and capricious action.
"When the Court undertakes to determine whether a Board has acted unreasonably and in an arbitrary and capricious manner, great weight should be accorded to the discretion inherently belonging to the Board of Highways. A court should never attempt to substitute its own judgment for that of an administrative agency where reasonable men could differ. But no one would suggest, for instance, that a state agency could properly designate a collective bargaining agent for an entire department based upon the wishes of one percent of the employees as against the wishes of ninety-nine percent of the employees. And by the same token, this Court would not seriously consider a claim of unreasonableness where a collective bargaining agent had been named based upon the wishes of a majority of the employees. The present case falls between these two extremes but still must be considered in the light of evidence that indicates that some two-thirds of the employees affected have chosen not to be represented by the designated agent.
"Weighing the individual rights of this substantial majority against the broad *905 discretion permitted the Highway Board leads the Court to believe that the Board's action was so unreasonable that it must be termed arbitrary and capricious in a legal sense. This imputes no ill motives to members of the Board of Highways or the defendants in this case. But at the same time, this Court cannot be blind to the human rights of the great majority of the affected employees."
Defendants in their brief and in oral argument urge that plaintiffs have failed to prove irreparable injury and in the absence of a showing of irreparable injury, no injunction should issue.
While considering, but rejecting, this argument the trial court cited the decision of this court in Whalen v. Brinkmann, La. App., 258 So.2d 145. Therein on page 147, this court said:
"(4-6) * * * Neither is it necessary to allege or prove irreparable injury when defendant seeks the injunction on the ground that plaintiff is pursuing a course of action which is reprobated by law. * * *."
The defendants have cited the case of Rapides Dairy Dealers' Co-op. Assn. v. Mathews, La.App., 158 So. 247, for the pronouncement that:
"* * * The writ of injunction, being a harsh, drastic, and extraordinary remedy, should issue only where the party seeking same is threatened with irreparable loss or injury without adequate remedy at law."
In Amacker v. Amacker, La.App., 146 So.2d 672, this court defined irreparable injury, loss or damage as follows:
"(2) Irreparable injury, loss or damage is that injury, loss or damage for which the injured party cannot be compensated adequately in damages or for which his damages cannot be measured by a pecuniary standard. City of Lake Charles v. Lake Charles Ry., Light & Waterworks Co., 144 La. 217, 80 So. 260; Louisiana State Board of Medical Exam. Tackett, La.App., 70 So.2d 207."
We find, as a matter of law, based on the action of the Department in designating the defendants the collective bargaining agent of approximately two-thirds of its affected employees who are non-union members, that plaintiffs have no adequate remedy at law to recover damages incurred by the action of the Department and the appellants herein, and further that such damage cannot be measured by a pecuniary standard. As a consequence, plaintiffs in law have suffered irreparable injury, loss or damage within the purview of the requirements of LSA-C.C.P. Article 3601 which in part provides:
"An injunction shall issue in cases where irreparable injury, loss, or damage may otherwise result to the applicant. * * * *."
For the foregoing reasons, the judgment of the trial court granting a preliminary injunction enjoining the defendants from implementing the subject contract insofar as the same is contrary to the rights of the plaintiffs, and enjoining the appellants herein from acting as the sole and exclusive bargaining agent of all of the employees covered by the said contract upon plaintiffs furnishing bond in the amount of $5,000 is affirmed, at defendants-appellants cost. All other court costs to await adjudication of the case on its merits.
Affirmed.