294 So.2d 894 (1974)
CANEY HUNTING CLUB, INC., Plaintiff-Appellant,
v.
A. J. TOLBERT et al., Defendants-Appellees.
No. 12289.
Court of Appeal of Louisiana, Second Circuit.
April 23, 1974.
Rehearing Denied May 28, 1974.
Shotwell, Brown & Sperry by Burt W. Sperry and L. Michael Ashbrook, Monroe, for plaintiff-appellant.
Holloway, Baker, Culpepper & Brunson by William H. Baker and Bobby L. Culpepper, Jonesboro, for defendants-appellees.
Before BOLIN, HALL and WILLIAMS, JJ.
En Banc. Rehearing Denied May 28, 1974.
BOLIN, Judge.
On September 14, 1973, Olinkraft, Inc., leased to plaintiff several thousand acres of land located in Winn and Jackson parishes. The lease granted plaintiff the exclusive right "to hunt, fish, pursue, capture, shoot, kill and take away all legal types and species of game fish, game birds and game animals" on the described land.
On November 29, 1973, plaintiff instituted the present action against defendants seeking a temporary restraining order, a preliminary and permanent injunction prohibiting any of defendants from trespassing on the leased premises in order to hunt, kill, or take any game animals therefrom. The lower court granted a temporary restraining order and in due course the rule to show cause why a preliminary injunction should not issue was called and tried. Following trial, the lower court rendered judgment rejecting plaintiff's demands for a preliminary injunction and plaintiff applied to this court for writs of prohibition, certiorari and mandamus, which were granted. Plaintiff further perfected a devolutive appeal to this court. The hearing on the writs previously issued by this court was consolidated with the argument on the appeal.
*895 The primary issue is whether plaintiff-lessee is entitled to a preliminary injunction prohibiting defendants from trespassing on lands which plaintiff has leased for hunting and fishing purposes.
We make the following factual findings: all of the defendants were within the area covered by the lease for the purpose of hunting deer; at least one of the defendants admitted he was on the property for the purpose of hunting deer but that he did not desire to join plaintiff's hunting club; that he intended to continue hunting deer without paying any money for the privilege. An agent of the State Wildlife and Fisheries Department testified he saw a freshly-killed deer on the premises and that one of the defendants freely admitted he had killed the deer.
Counsel for defendants argue that, because the evidence reflects one or more of defendants were in automobiles which were parked on roads, they were not trespassing on any property covered by plaintiff's lease. This contention does not impress us, principally because the roads were owned by Olinkraft and not the public. We are further convinced the evidence abundantly shows defendants were trespassing on the land itself.
The lease from Olinkraft to plaintiff contains several provisions granting lessee the exclusive right to use the premises for hunting and recreational purposes. The lease further provides the lessee "shall protect the leased premises against trespassers".
Louisiana Code of Civil Procedure Article 3601 provides:
"An injunction shall issue in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law.

* * * * * *
"During the pendency of an action for an injunction the court may issue a temporary restraining order, a preliminary injunction, or both, in accordance with the provisions of this Chapter.
"Except as otherwise provided by law, an application for injunctive relief shall be by petition."
(Emphasis ours)
Contrary to the finding of the trial judge, we are convinced plaintiff has shown that it will suffer "irreparable injury, loss, or damage" unless a preliminary injunction is granted in this case. This appears to be the very type of case for which injunctive relief would be the only effective remedy. Indeed, plaintiff's only reason for obtaining a lease on the property was to have the exclusive right to use it for recreation and hunting. After defendants have trespassed on plaintiff's leased premises and killed and taken game therefrom, no monetary award would adequately compensate for this loss.
We have been cited to Indian Bayou Hunting Club, Inc. v. Taylor, 261 So.2d 669 (La.App. 3d Cir. 1972) by counsel for both appellant and appellees. In that case, strikingly similar to the instant case in that it involved a hunting lease, the court on rehearing affirmed a judgment of the trial court permanently enjoining defendants from trespassing on the leased premises. However, there was a concurring opinion by Judge Domengeaux following both the original opinion and the rehearing opinion which we find contains the better statement of the law:
"It is my belief now, that the continuous acts of trespass on plaintiff's leased lands by defendant, and the taking of game thereon, all of which is supported by the record, are such acts as can be enjoined under CCP Article 3601 because these acts constitute injuries for which an equally adequate remedy is not available on the law side of the court."
From the facts of the case before us, we see no reason to look any further in our law for authority to grant an injunction than Louisiana Code of Civil Procedure *896 Article 3601. In West v. Winnsboro, 252 La. 605, 211 So.2d 665, our Supreme Court, on rehearing, stated an injunction is an equitable remedy under Code of Civil Procedure Article 3601, which is available to a plaintiff who is without an adequate remedy at law. The court defined "adequate remedy at law" in the following terms:
"By adequate remedy at law is meant one which is as speedy, efficient, and complete as the remedy in equity. See Banjavich v. Louisiana Licens. Bd. f Marine Divers, supra [237 La. 467, 111 So.2d 505]; de Funiak, Handbook of Modern Equity § 5, pp. 9-10 (2d ed. 1956); McClintock on Equity § 43, p. 103 (2d ed. 1948); 27 Am.Jur.2d, Equity, § 94, pp. 616-617; and 28 Am.Jur., Injunctions, § 39, pp. 534-535."
The test is correctly stated in 28 Am. Jur., Injunctions, § 39, page 534, as follows:
"It is not enough that there is a remedy at law. The remedy, to preclude injunction, must be certain and reasonably prompt, and as practicable and efficient to the ends of justice and its administration, both in respect of the final relief and the mode of obtaining it, as an injunction would be."
For the reasons assigned the alternative writs previously issued by this court are made absolute and the judgment appealed from is reversed. It is now ordered, adjudged and decreed that a preliminary injunction issue herein enjoining defendants, A. J. Tolbert, Joe Thompson, Leon Temple, Howard Temple, and Alfred E. Antley, from entering and trespassing upon any of the property leased from Olinkraft, Inc., to Caney Hunting Club, Inc., in Winn and Jackson parishes, in order to hunt, fish, pursue, capture, shoot, kill, and take away legal types of game, fish, game birds, and game animals, said leased property being more particularly described in that certain lease filed in the public records of Winn Parish, Louisiana, on September 18, 1973, under Clerk's Registry No. 88,468, and recorded in Conveyance Book 121, page 368; and also filed in the public records of Jackson Parish, Louisiana, on September 20, 1973, under Clerk's Registry No. 216, 326 and recorded in Conveyance Book 146, page 476.
It is further ordered that the case be remanded for further proceedings consistent with the views expressed herein, assessment of costs to await the final outcome of the case.