320 So.2d 223 (1975)
Donelson T. CAFFERY et al., Plaintiffs and Appellees,
v.
Thomas W. POWELL et al., Defendants and Appellants.
No. 5149.
Court of Appeal of Louisiana, Third Circuit.
October 8, 1975.
*224 Porteous R. Burke, George D. Ernest, Jr., New Iberia, for defendants-appellants.
Michael J. McNulty, Jr., of Bauer, Darnall, McNulty & Boudreaux, Franklin, for plaintiffs-appellees.
Before DOMENGEAUX, WATSON, and BEER, JJ.
DOMENGEAUX, Judge.
This is a suit for a permanent injunction filed by plaintiffs-appellees, Donelson T. Caffery, Clegg Caffery, John M. Caffery, Jr., Lydia Caffery Hilliard, Ward Randolph Jones, John C. Jones, and Judith Jones Werner, against defendants Thomas W. Powell and Prentis Powell, residents of Iberia Parish, Louisiana, to enjoin defendants from allowing their cattle to roam upon plaintiffs' property situated in St. Mary Parish, Louisiana.[1]
After certain exceptions were disposed of, defendants filed an answer in the form of a general denial and in due course, after fixing for hearing on the merits, trial was held resulting in a judgment by the District Court in favor of plaintiffs and against defendants permanently enjoining, restraining, and prohibiting said defendants and their agents and employees from permitting cattle and other animals belonging to them or under their control to roam upon plaintiff's property. The defendants were granted a period of 90 days to take whatever action necessary to comply with the District Court's order. Defendants have suspensively appealed to this court.
Appellants allege error on the part of the District Court as follows:
1. In finding that plaintiffs were entitled to injunctive relief without a showing of irreparable injury.
2. In not giving proper weight to the harsh effect injunctive relief will have on defendants.
3. In not specifying a reasonable remedy at the least possible cost to defendants in their attempt to obey the injunctive order.
4. In not granting defendants' motion for a new trial in order to demonstrate the hardship created by the granting of a permanent injunction.
This law suit involves Cote Blanche Island, which is actually a promontory abutting the North side of Cote Blanche Bay, which is an extension of the Gulf of Mexico. In its entirety, Cote Blanche Island encompasses approximately 1200 acres. The defendants are lessees of the major portion of Cote Blanche Island consisting of the central core and the high areas of the island. The plaintiffs are the owners and/or lessees of the low lying marshy areas surrounding the high core of said island.
It was stipulated at trial that the plaintiffs' property which is described as follows:
"All of Fractional Section 13 lying outside of Cote Blanche Island; all of Fractional Section 12 lying outside of Cote Blanche Island; all of Fractional Section 5 lying outside of Cote Blanche Island, with the exception of the NW/4 of the NW/4; all of Fractional Section 6 lying outside of Cote Blanche Island, with the exception of the NE/4 of the *225 NE/4; all of Section 11 lying outside of Cote Blanche Island; all of Fractional Section 14 lying outside of Cote Blanche Island; and all of that part of Sections 10 and 15 expressly adjudicated to defendants, John W. Caffery and Humble Oil & Refining Company, in suit entitled Earnest R. Theriot, et al. v. John M. Caffery, et al., No. 26985 on the Docket of the Supreme Court of Louisiana, recorded in Book 4-J of Conveyances, Page 624, of the Records of St. Mary Parish, Louisiana, all of the above described property being situated in T15SR7E, Southwestern Land District of Louisiana, and being the same land described in Paragraph 1 of that certain Agreement dated May 31, 1938, between Humble Oil & Refining Company and John M. Caffery and recorded in Conveyance Book 5-P, Entry No. 63,615 of the Records of St. Mary Parish, Louisiana."
is owned by the plaintiffs in the proportions of an undivided one-half fee interest and by plaintiff Donelson T. Caffery, individually, as the surface lessee of the other undivided one-half interest. It was also stipulated that the defendants are the lessees of the property otherwise above described which is generally surrounded by plaintiff's property.
For some fifteen years or so defendants have leased the portion of Cote Blanche Island referred to herein and have cleared much of the land for pastures and fencing areas for grazing cattle. At the time of trial they had some 200 head of cattle on their leased property. The plaintiffs, for many years, owned, possessed and/or leased the property described hereinabove, which, as aforementioned, is the low lying areas around the island, and subleased the same to a trapper for trapping rights. The properties possessed by plaintiffs and defendants are surrounded by water, West Cote Blanche Bay on three sides, and the Intracoastal Canal on the Northerly side. The water surrounding the Island on three sides by West Cote Blanche Bay is subject to the ebb and flow of the tides. There is wave action and erosion caused by the winds, storms, and the tides.
The evidence shows that defendants' cattle, at the time of trial and for some considerable period prior thereto, occupied and grazed upon plaintiffs' premises, not only without the permission of the plaintiffs but specifically in contravention of their manifested wishes and desires.
There was testimony that the roaming and grazing of defendants' cattle on plaintiffs' low lying lands reduced the amount of vegetation thereon, and this denuding of their lands of grass by the cattle makes the land more vulnerable to erosion; and erosion is further caused by the hooves of the cattle cutting into the marshy area.
The plaintiffs also submitted evidence with respect to a canal which had been dug south of a docking area on the South side of the island for the purpose of drilling an oil well. The end of the canal next to the Bay had been left closed to the Bay, preventing the water from the Bay from flowing in and out of this canal. Defendants' cattle by continuous trafficking caused this closure to open up. The plaintiffs also submitted evidence that the grazing of the defendants' cattle on their low lying lands damages the land for trapping purposes.
The keystone of defendants' position, as shown in their first specification of error, is based on the general proposition that an injunction should not issue unless irreparable injury can be shown. The trial judge did not reach the question of whether the plaintiffs have shown irreparable injury, although he recognized that there was considerable evidence introduced by the plaintiffs to the effect that the action of defendants' cattle through denuding the low lying areas of grass, and through the trampling and cutting of plaintiffs' property by the hooves of defendants' cattle, resulted in erosion by action of the water. Instead, the trial judge granted the injunction on *226 the basis that irreparable injury need not be shown in a situation when the action sought to be enjoined is one "reprobated by law".
Plaintiffs, without objection, filed into evidence as Exhibit No. 2 a certified copy of Ordinance 321 of the St. Mary Parish Police Jury, adopted May 31, 1934, and amended March 11, 1970,[2] which ordinance prohibits the roaming at large of certain animals, including cattle ___ "upon the public roads or any other place within the Parish of St. Mary". (emphasis supplied). The ordinance further provides for fine and/or imprisonment for its violation, and sets out methods of enforcement thereof. In view of the evidence adduced, it is apparent, as concluded by the trial judge that the actions of the defendants in allowing the cattle to roam on the properties of plaintiffs is a course of action reprobated by law, i. e. in violation of the referred to ordinance.
In such a situation our jurisprudence does not require that a plaintiff in an action such as this prove irreparable injury. If a plaintiff can show that a defendant's conduct is forbidden by law, as was shown herein, then plaintiff is entitled to an injunction restraining the illegal acts of a defendant. Whalen v. Brinkmann, 258 So.2d 145 (La.App. 1st Cir. 1972); Zbozen v. Department of Highways, 293 So.2d 901 (La.App. 1st Cir. 1974).
Although we agree that the trial judge was correct in issuing the injunction on the legal basis aforementioned, we also opine that, over and above and in addition thereto, the plaintiffs were entitled to injunctive relief under the provisions of C. C.P. Article 3601 as having proven irreparable injury.
"Irreparable injury justifying an injunction is that which can not be adequately compensated in damages, or for which damages can not be compensable in money, . . ." and, an injunction ". . . should issue only where the party seeking same is threatened with irreparable loss or injury without adequate remedy at law . . ." Greenberg v. De Salvo, 254 La. 1019, 229 So.2d 83 (1969).
It was proven that there was a continuous roaming and trespassing of defendants' cattle on plaintiffs' property at the time of trial and for a number of years prior thereto. This continuous roaming and trespassing coupled with the consequent effect these activities had upon the property by erosion are acts which can be enjoined because they constitute injuries for which an equally adequate remedy is not available on the law side of the court, and for which plaintiffs can not be compensated adequately in damages, or for which damages can be measured by pecuninary standards. This case is one wherein injunctive relief is the only effective remedy. To paraphrase the second concurring opinion in Indian Bayou Hunting Club, Inc. v. Taylor, infra, in this case the relative inadequacy of any relief other than an injunction is indisputable. Any other judgment would not only approach uselessness but would be violative of the laudable principle of judicial economy, as it would require plaintiffs to return to court for a trial on the merits each time that the defendants' cattle roamed or trespassed upon plaintiffs' property. See Indian Bayou Hunting Club, Inc. v. Taylor, 261 So.2d 669 (La.App. 3rd Cir. 1972); Caney Hunting Club, Inc. v. Tolbert, 294 So.2d 894 (La.App. 2nd Cir. 1974). See also Yiannopolulos, Work of Appellate Courts, 1971-72, 33 La.Law Review 197, 198.
Concerning appellants' specification of error No. 2, they testified, and it is *227 readily apparent, that in order to prevent their cattle from roaming onto the property of plaintiffs it would be necessary to build extensive fencing at a considerable cost.[3] They contend that the District Court failed to give sufficient weight to the alleged harsh economic burden which the injunction would place upon them. The District Court recognized the "tremendous" costs of building a fence around their property, but concluded, and correctly so we believe, that the affirmative right of the plaintiffs to the undisturbed possession of their property outweighed the alleged cost factor involving the defendants. We cannot say, considering the circumstances of this case and the legal precepts involved, that the prohibition by the court of the use of the land of another without consent is harsh.
Defendants' third specification of error is to the effect that the District Court did not specify a reasonable remedy "at the least possible cost to defendants in their attempt to obey the injunctive order." We find no authority, nor have we been advised of or referred to any, for the proposition that it is the duty of a court to specify a remedy for one properly enjoined from doing a certain act.
In applying for a new trial appellants, in effect, reiterated issues which were thoroughly considered by the District Court at the hearing on the merits, and suggest in their specification of error No. 4 that a new trial should have been granted in order to demonstrate the hardship created by the granting of the injunction. In denying the new trial the trial judge made it clear that the application therefor did not set forth any matters which were not considered in the Court's original opinion and judgment. We find no error in the trial court's denial. Louisiana Code of Civil Procedure Arts. 1971-1979.
For the above and foregoing reasons the judgment of the District Court is affirmed at appellants' costs.
Affirmed.
NOTES
[1] There was no application for a temporary restraining order of preliminary injunction.
[2] The 1934 ordinance excluded incorporated municipalities from its provisions, and the 1970 amendment further excluded Avoca Island therefrom. Cote Blanche Island is not within an incorporated municipality, neither is it included as any part of Avoca Island.
[3] Between $8,000 and $9,000.