420 So.2d 1329 (1982)
John S. SMITH, et al, Plaintiffs-Appellees,
v.
CITY OF ALEXANDRIA, Louisiana, et al, Defendants-Appellants.
No. 82-212.
Court of Appeal of Louisiana, Third Circuit.
October 13, 1982.
Gist, Methvin, Hughes & Munsterman, Howard B. Gist, Jr., Alexandria, for defendants-appellants.
*1330 Broussard, Bolton & Halcomb, Daniel E. Broussard, Jr., Alexandria, for plaintiffs-appellees.
Before DOMENGEAUX, DOUCET and YELVERTON, JJ.
DOMENGEAUX, Judge.
This case was consolidated for trial with those of James A. Gauthier, et al. v. City of Alexandria, Louisiana, et al., 420 So.2d 1332 (La.App. 3rd Cir.1982) and Thomas C. Cardwell, et al. v. City of Alexandria, Louisiana, et al., 420 So.2d 1333 (La.App. 3rd Cir.1982). The cases have remained consolidated on appeal, and, as the law and relevant facts are common to all three suits, our opinion herein is equally applicable to each. Additionally, we render separate judgments in the other two consolidated cases.
This is a suit for a preliminary and permanent injunction filed by plaintiffsappellees, John S. Smith, R.C. Thomas, Alfred Olidge, and Local 1848 of American Federation of State and County Municipal Employees, AFL-CIO, against defendants, City of Alexandria, Louisiana, and Mayor Carroll E. Lanier, to enjoin enforcement of an executive order issued by Mayor Lanier reducing the work week of municipal employees from forty (40) to thirty-two (32) hours per week.
Several exceptions were filed by the defendants prior to trial. All of the exceptions were referred to the merits for adjudication. After trial, the district judge held in favor of plaintiffs and against defendants granting plaintiffs a preliminary injunction enjoining defendants from reducing the work hours and/or pay of the individual plaintiffs. Defendants have devolutively appealed to this Court.
The prevailing issues before us on appeal are: (1) Whether or not Mayor Lanier lacked authority to unilaterally alter or void the labor contract between the City and its employees; (2) Whether or not the trial judge erred in granting plaintiffs a preliminary injunction; and (3) Whether or not the trial judge erred in overruling defendant's exceptions?
On March 3, 1982, Mayor Lanier issued an executive order which stated that he was reducing the work week of municipal employees from forty (40) to thirty-two (32) hours per week. Included among the affected employees were the plaintiffs in this case, members of the plaintiff union. This action was taken by Mayor Lanier without any notice, agreement, or acquiescence on the part of the employees or their respective unions, and without approval by the Alexandria City Council. According to Mayor Lanier, the action taken was necessary in order to reduce expenditures because it appeared that there would be a temporary shortage of funds due to declining utility revenues.
Subsequently, on March 18, 1982, plaintiffs filed suit for an injunction to halt enforcement of the executive order, alleging that the order violated valid contracts existing between the unions and the City; that the Mayor lacked authority to unilaterally breach those contracts; and that the breach caused irreparable harm to plaintiffs.
Defendants cite La.R.S. 33:2921, La.R.S. 39:1311, and Section 5-05(C) of the Alexandria City Charter as granting legal authority for the Mayor to take any remedial action which he may deem appropriate to assure that expenditures do not exceed revenues in any fiscal period.
La.R.S. 33:2921 governing deposits and expenditures of funds of municipal corporations provides:
"No police jury nor any municipal corporation shall, in any one year, make any appropriation of, approve any claim against, or make any expenditure from the annual revenue for that year, if the appropriation, approved claim, or expenditure, separately or together with other *1331 appropriations, approved claims, or expenditures, is in excess of the estimated revenue of that year."
La.R.S. 39:1311 provides in pertinent part:
"During the fiscal year, no office, department, board, commission, or other spending agency shall expend or contract to expend any money, or incur any liability, or enter into any contract which, by its terms, involves the expenditure of money for any of the purposes for which provisions are made in the appropriation ordinance or resolution, in excess of the amounts appropriated in said ordinance or resolution for such office, department, board, commission, other expending agency, or purpose for such fiscal year. Any expenditure or contract, verbal or written, made in violation of this Section shall be void and no monies belonging thereto shall be paid thereon. Any official of a political subdivision who knowingly authorized or made such payment or incurred such obligation or caused such payment or disbursement to be authorized or made such obligation to be incurred also shall be liable to the political subdivision for any amount so paid."
Section 5-05(C) of the Alexandria City Charter provides:
"If at any time during the fiscal year it appears to the Mayor that the revenues available will be insufficient to meet the amount appropriated, he shall report to the Council without delay, indicating the estimated amount of the deficit, any remedial action taken by him and his recommendations as to any other steps to be taken. The Council shall then take such further action as it deems necessary to prevent or minimize any deficit. The Council may, by ordinance, reduce any appropriation at any time."
We view La.R.S. 33:2921, supra, to mean that no appropriation may be made during the year which is in excess of estimated revenues for that year. Likewise, La.R.S. 39:1311 merely bans spending or contracting to spend, by any agency, money in excess of that appropriated to it. At the time the budget for the fiscal year 1981-1982 was drafted, appropriations were made for the salaries of the city employees, and the appropriations made were not in excess of the estimated revenues for that period, nor did the City spend in salaries more than was appropriated to it.
Although Section 5-05(C) of the Alexandria City Charter, supra, appears to grant the Mayor authority to take remedial measures to prevent deficit spending, we find that the Mayor is not authorized to take remedial actions altering, or voiding city employees' labor contracts.
The authority of the City to enter into labor contracts with municipal employees through union representatives is specifically recognized in Section 7-04 of the Alexandria City Charter.
This section provides in pertinent part:
"A. The right of City employees to be represented by union organization(s) for the purpose of collective bargaining with reference to wages or working conditions is hereby recognized.
"B. Any negotiations by the City with any such employee union representatives shall be by the Mayor or his designate. Final approval of any labor contracts with municipal employees shall rest with the City Council."
A reading of the above cited provision clearly recognizes the City Council as the authorative body for entering into labor contracts with the city employees. The Mayor merely acts as the City representative in labor negotiations. Consequently, we agree with the district judge who found that the Mayor overstepped his authority when the remedial actions he unilaterally undertook affected areas beyond the perimeters of his domain. We do not hesitate, however, to state that Mayor Lanier acted in complete good faith in the action which he took, and was guided only by an honest attempt to alleviate a serious fiscal deficiency *1332 which existed in the City government which he headed.
Having concluded that the Mayor was without power to alter or avoid the city employees labor contract, was an injunction properly issued by the district court? We think so.
Defendants' position, i.e., that the granting of the injunction was in error, rests upon the general proposition that an injunction should not issue unless irreparable injury can be shown. In this case, the court below based its grant of the injunction on two grounds. First, the trial judge found as a matter of fact that plaintiffs proved irreparable injury. Secondly, having found that the Mayor lacked authority to unilaterally violate the terms of the contract, the district judge granted the injunction to enjoin a violation of a prohibitive law.
Upon review of the record we feel that the court below erred in finding that plaintiffs faced irreparable injury. The record simply does not lend itself to finding that plaintiffs' harm could not be adequately compensated in monetary damages. However, we agree with the trial judge's findings that the Mayor's conduct was not allowed by law.
As previously discussed, section 7-04 of the Alexandria City Charter places labor contracting authority in the City Council. Implicit in that provision is that the Mayor lacks power to alter, modify or terminate labor contracts, inasmuch as that authority rests solely in the City Council. Mayor Lanier admitted at trial that his actions were taken without prior approval of the City Council, contrary to the City Charter. In such a situation our jurisprudence does not require that a plaintiff in an action such as this prove irreparable injury. If a plaintiff can prove that defendant's conduct is reprobated by law, (in this case the Mayor's violation of the City's Charter) then plaintiff is entitled to an injunction restraining the illegal acts of the defendant. Caffery v. Powell, 320 So.2d 223 (La.App. 3rd Cir.1975); Whalen v. Brinkmann, 258 So.2d 145 (La.App. 1st Cir.1972).
Finally, the defendants contend that the trial court erred in overruling their dilatory exceptions of prematurity, lack of procedural capacity, vagueness, ambiguity, and unauthorized use of summary proceedings. We have reviewed the record as well as the reasons given by the district judge in conjunction therewith. We find no error in the judgment below overruling defendants' exceptions.
For the above and foregoing reasons the judgment of the district court is affirmed.
Costs on appeal are to be assessed against defendants-appellants.
AFFIRMED.