572 So.2d 623 (1990)
LOUISIANA ASSOCIATED GENERAL CONTRACTORS, INC., et al., Plaintiffs-Appellants,
v.
The CALCASIEU PARISH SCHOOL BOARD, Defendant-Appellee.
No. 89-621.
Court of Appeal of Louisiana, Third Circuit.
December 12, 1990.
Writs Granted March 8, 1991.
*624 Jones, Tete, Nolen, Hanchey, Swift & Spears, Edward J. Fonti, Lake Charles, Wray, Robinson, & Kracht, W.P. Wray, Jr., Baton Rouge, for plaintiffs-appellants.
Lester A. Robertson, Lake Charles, for defendant-appellee.
Breazeale, Sachse & Wilson, Murphy J. Foster III, Baton Rouge, for amicus curiae.
Gardner, Robein & Urann, Louis L. Robein, Jr., Metairie, La., for intervenor-appellee.
Before STOKER, LABORDE and YELVERTON, JJ.
LABORDE, Judge.
This is a suit for a preliminary and permanent injunction filed by Louisiana Associated General Contractors, Inc., Asphalt Associates, Inc., Bayou Contracting, Inc. of Texas, Bessette Development Corp., Cavys, Inc., Challenge Construction Corp., Collette Construction Co., Inc., R.E. Heidt Construction Co., Inc., Hyatt Construction Co., Inc., LRM Co. Inc., F. Miller & Sons, Inc., John D. Myers & Associates, Inc., The Port City Group, Inc., Priola Construction Corp. and Ribbeck Construction Corp. (Plaintiffs) against defendant, Calcasieu Parish School Board (School Board), to enjoin the School *625 Board from receiving and opening bids or from awarding any public works contracts which contain a requirement that minimum or prevailing wage rates be paid workers employed on the projects. Plaintiffs also sought a declaratory judgment finding and determining that the School Board has no authority to adopt and incorporate a minimum or prevailing wage rate in its public work contracts, that the minimum or prevailing wage provision violated Louisiana's Public Bid Law (LSA-R.S. 38:2211 et seq.), and that any contract awarded or to be awarded pursuant thereto is null and void. The Southwest Building Trades Council, AFL-CIO, intervened in this action for the stated purpose of "uniting with defendant, Calcasieu Parish School Board in resisting plaintiffs' demands." On May 24, 1989, the trial court denied plaintiffs' request for a preliminary injunction. Subsequently, on June 2, 1989, the trial court denied plaintiffs' request for a permanent injunction and declaratory relief and dismissed this petition at their cost. Plaintiffs now appeal devolutively from the judgment of the trial court. We reverse and remand.

FACTS
This case was tried on stipulated facts. Louisiana Associated General Contractors, Inc. is a statewide association of contractors and bidders which receives dues from each of its members as each member receives, performs and is paid for the performance of its work on public works projects. The 14 individual plaintiffs in this suit are all members of the Louisiana Association of General Contractors, Inc. The association and the 14 individual members involved in the suit are all tax paying citizens of the State of Louisiana and of Calcasieu Parish.
By this suit, plaintiffs seek to enjoin the School Board from requiring payment of minimum or prevailing wage rates in its public works contracts. The School Board has adopted and undertaken a program of public works which entails the construction of new facilities as well as renovation of several older buildings. The funds to be used to pay for the projects are solely derived from Calcasieu Parish tax revenues; no federal or state funds are involved in any of the projects. The School Board has determined that the specifications for these projects shall contain the requirement that all contractors and subcontractors must pay all workmen, mechanics and laborers wage rates equal to and not less than those set out in Prevailing Wage Rate Determination No. 14950, issued on May 15, 1988, by the Louisiana Department of Labor. One of the School Board's public works projects is the construction of a new middle school in DeQuincy, Louisiana. The construction contract on this project was signed on September 13, 1988. The contract documents, pursuant to a resolution adopted by the School Board, contained the following provisions:
"SECTION 1. Specifications for the contract for construction of the new DeQuincy Middle School, School District 21, shall contain the requirement that the contractor and/or his sub-contractor(s) shall pay, at the time and at the place established by existing law or custom all workmen, mechanics and laborers who have performed work under the contract, and without subsequent deduction or rebate on any account, the full amount accrued at time of payment, less any authorized deductions for wage assignments, garnishments, taxes, insurance premiums or other similar lawful deductions computed at wage rates not less than those stated in Prevailing Wage Rate Determination No. 14950, issued May 15, 1988 by the Louisiana Department of Labor. A copy of Prevailing Wage Rate Determination No. 14950 shall be included in the specifications for this project.
SECTION 2. Specifications for the contract for construction of the new DeQuincy Middle School shall also contain a stipulation that prior to the payment of the retainage, the contractor and his subcontractors shall be required to execute an affidavit attesting that to the best of their knowledge, information and belief, the workmen, laborers and mechanics have been paid wage rates not less than those stated in Prevailing Wage Rate *626 Determination No. 14950, issued May 15, 1988 by the Louisiana Department of Labor.
SECTION 3. The minimum scale of wages to be paid shall be posted by the contractor in a prominent and easily accessible place at the site of the work.
SECTION 4. Every contract subject to the provisions of this Resolution shall contain the stipulation that there may be withheld from the contractor so much of accrued payments as may be necessary to pay to workmen, laborers and mechanics employed by the contractor or any subcontractor on the work the difference between the rates of wages required by the contract to be paid to such laborers, workmen and mechanics and the rates of wages received by such workmen, laborers and mechanics.
SECTION 5. Every contract within the scope of this Resolution shall contain the further provision that in the event it is found by the School Board that any laborer or mechanic employed by the contractor or any subcontractor directly on the site of the work covered by the contract has been or is being paid a rate of wages less than the rate of wages required by the contract, the contractor does agree, as part of the consideration for the awarding of the contract, to pay to the School Board a sum equal to three (3) times the amount which the said workmen, laborer or mechanic has been underpaid, as liquidated damages for such breach of contract...."
The School Board stipulated that it would apply the prevailing wage rate requirement, as found in the resolution for the DeQuincy Middle School project, to all bids let in the future for School District No. 22 public works projects.

ISSUES PRESENTED
Plaintiffs have raised the following issues for our consideration:
(1) Whether the School Board's requirement that the contracts for its public works projects contain a prevailing wage provision violates Louisiana's Public Bid Law (LSA-R.S. 38:2211 et seq.)?
(2) Whether the School Board has the authority to require its public works contractors and subcontractors to pay to workmen, mechanics and laborers a prevailing wage rate?
(3) Whether plaintiffs were required to allege and prove irreparable injury in order to obtain an injunction restraining the School Board's violation of a prohibitory law?
Defendant would also have us consider this issue raised in its brief:
(1) Whether the decision of the trial court is supported by the doctrine of separation of powers?

ISSUE NO. 1

VIOLATION OF LOUISIANA'S PUBLIC BID LAW
Plaintiffs contend that the trial court erred in not finding that the School Board's requirement that the contracts for its public works projects contain a prevailing wage rate provision violated Louisiana's Public Bid Law. We agree.
Under LSA-R.S. 38:2212(A)(1)(a):
"All public work exceeding the contract limit as defined herein, including labor, materials, and all purchases of materials or supplies exceeding the sum of five thousand dollars to be paid out of public funds, to be done by a public entity shall be advertised and let by contract to the lowest responsible bidder who had bid according to the contract, plans, and specifications as advertised, and no such public work shall be done and no such purchase shall be made except as provided in this Part."
The School Board qualifies as a public entity under this provision. LSA-R.S. 38:2211(A)(1); A.V. Smith Construction Co., Inc. v. Maryland Casualty Co., 450 So.2d 39 (La.App. 3d Cir.1984). Consequently, the School Board is governed by the provisions of Louisiana's Public Bid Law and can take no action in contravention of its mandate. We find the School Board's requirement that the prevailing wage rate be paid to workers on its public *627 works project to be in contravention of Louisiana's Public Bid Law.
The First Circuit's decision in Parish Council of Parish of East Baton Rouge v. Louisiana Highway and Heavy Branch of Associated General Contractors, Inc., 131 So.2d 272 (La.App. 1st Cir.1961) is on all fours with the instant case. In Parish Council, the issue before the court was whether the Parish Council of East Baton Rouge had the legal right to require contractors submitting bids on the construction of public sewerage facilities to pay prevailing wage rates. The court determined that the contract provisions requiring prevailing wage rates were invalid as they were violative of the public bid law provisions contained in the Charter of the City of Baton Rouge and the Parish of East Baton Rouge and the City Code of Baton Rouge. In arriving at its conclusion, the court, quoting from 63 C.J.S. Municipal Corporations, sec. 1149, stated:
"`... Generally restrictions or conditions imposed on bidders which tend to increase the cost of the work are held to violate the requirement of competitive bidding or of letting to the lowest responsible bidder.
* * * * * *
Conditions or restrictions on bidders calling for the payment of a minimum wage to their employees have been held invalid as violating the requirement for competitive bidding or the letting of the contract to the lowest responsible bidder....'" [Footnotes omitted].
Parish Council, at 293-294.
There is authority in other jurisdictions as well for the proposition that prevailing wage rates in public works contracts are violative of public bid law. See, e.g. Wallace v. Board of Education of Montgomery Country, 280 Ala. 635, 197 So.2d 428 (1967); Philson v. City of Omaha, 167 Neb. 360, 93 N.W.2d 13 (1958); Hillig v. City of St. Louis, 337 Mo. 291, 85 S.W.2d 91 (1935). Of particular interest is the Alabama Supreme Court's decision in the Wallace case. In that case, the court held that prevailing wage rates included in a proposed high school construction contract were violative of Alabama's Competitive Bid Law, which provided that the contract must be let to the lowest responsible bidder. The Alabama Supreme Court cited the Louisiana First Circuit's decision in the Parish Council case with approval. Accordingly, in Wallace, the lower court's grant of an injunction against the Alabama Public School and College Authority and others preventing them from letting a proposed high school construction contract was upheld.
We find, as did our brethern in the First Circuit in the Parish Council case, that the prevailing wage rate provision in the School Board's public works contracts would tend to increase the cost of work and would tend to stifle competitive bidding. We therefore conclude that the contract provision requiring prevailing wage rates violates Louisiana's Public Bid Law.

ISSUE NO. 2

AUTHORITY OF THE SCHOOL BOARD
Plaintiffs argue that the School Board had no authority to require prevailing wage rates in its public works contracts. We agree.
The Louisiana Constitution mandates that the Legislature provide for public schools and for the creation and election of parish school boards. LSA-Const. Art. VIII; Shaw v. Caddo Parish School Board, 347 So.2d 39 (La.App. 2d Cir.), writ denied, 350 So.2d 676 (La.1977). "School boards possess only delegated powers defined by statutes and are not free to act as individuals and can do no act beyond the special powers delegated to them." Ellis v. Acadia Parish School Board, 211 La. 29, 29 So.2d 461, 464 (1946). However, it is recognized that a school board need not have specific legislative authority for every act which may be incidental or necessary to the performance of its duties; it has such implied or additional powers as are necessary to the performance of its statutory duties. Disposal Systems, Inc. v. Calcasieu Parish School Board, 243 So.2d 915 (La.App.3d Cir.1971); Lincoln Parish School Board v. Ruston College, 162 So.2d *628 419 (La.App. 2d Cir.), writ denied, 246 La. 355, 164 So.2d 354 (La.1964).
The power and duties delegated to parish school boards by the Legislature are found in LSA-R.S. 17:81 et seq. Under LSA-R.S. 17:81(G), a school board is vested with the authority to:
"... receive land by purchase or donation for the purpose of erecting school houses; provide for and receive the erection of same, construct such out-buildings and enclosures as shall be conducive to the protection of property, and make repairs and provide for the necessary furniture, equipment and apparatus.
..."
Although the Legislature has given parish school boards the power to construct and repair school buildings, there is no authority delegated to school boards to fix wages of the employees of the contractors who perform the contracts let by them. The trial court found in this case that the imposition of wage rates in the School Board's public works contracts is incidental to its authority to construct school buildings and that, accordingly, it has the implied power to require that these provisions be part of any contract to be let. Addressing a similar argument, the Alabama Supreme Court in the Wallace case found that such powers as constructing, renovating or furnishing school buildings did not, by implication, entitle a school board to fix wages in the public works contracts that it lets. We similarly find that the requirement that all public works contracts to be let contain prevailing wage provisions is not necessary to the performance of the School Board's statutory duties.
In the absence of any constitutional or statutory article delegating to the School Board the authority to include prevailing wage rates in its public works contracts, we find that it is powerless to do so. Consequently, the trial court erred when it determined that the School Board was authorized to include prevailing wage rate provisions in its public works contracts.

ISSUE NO. 3

IRREPARABLE INJURY
Plaintiffs assert that the trial court erred in finding that an injunction should not issue because irreparable injury was not shown. We agree.
It is well-settled that it is unnecessary for a party seeking an injunction to allege or prove irreparable injury if threatened action is a violation of prohibitory law. Smith v. City of Alexandria, 420 So.2d 1329 (La.App. 3d Cir.1982); Budd Construction Co., Inc. v. City of Alexandria, 401 So.2d 1070 (La.App. 3rd Cir.), writ denied, 404 So.2d 1262 (La.1981); Caffery v. Powell, 320 So.2d 223 (La.App. 3d Cir.1975). The Louisiana Public Bid Law, specifically LSA-R.S. 38:2212, is a prohibitory law founded on public policy. Boxwell v. Department of Highways, 203 La. 760, 14 So.2d 627 (1943). Since we have decided that Louisiana's Public Bid Law is contravened by the School Board's threatened action, the trial court erred in requiring plaintiffs to prove irreparable injury.

ISSUE NO. 4

SEPARATION OF POWERS
The last issue we need be concerned with is the School Board's contention that the judiciary had no right or power to infringe upon the discretion of a subdivision of the State when acting in a legislative capacity except when the action taken is arbitrary or capricious. When contract specifications for public works contravene Louisiana's Public Bid Law, the courts have been willing to review a public body's discretion in pursuing such a course of conduct. See Stevens Concrete Pipe and Products, Inc. v. Burgess, 202 So.2d 498 (La.App. 1st Cir.1967), aff'd, 252 La. 136, 209 So.2d 733 (La.1968); Parish Council, supra. We find that the School Board had neither the authority nor the legislative discretion to act in a manner which would contravene Louisiana's Public Bid Law. The School Board's separation of powers argument lacks merit.
*629 For the reasons hereinabove assigned, the judgment of the trial court is reversed. This case is remanded to the trial court for the issuance of a permanent injunction in favor of plaintiffs and against defendant upon such terms and conditions as will prevent defendant from requiring a prevailing wage rate for the employees of contractors and subcontractors as part of the defendant's public works contracts and from inserting such requirements in the plans, specifications and contract documents being advertised for bid on future public works contracts.
All costs are to be borne by the defendant.
REVERSED AND REMANDED.